### STEPHEN KENISTON & ux. vs. FREDERICK ROWE.

If the mother of a bastard child marry before a prosecution, and one be afterwards instituted, the husband should join in the complaint.

A prosecution under the bastardy act, *(stat.* 1821, *c.* 72,*)* may be maintained, although the accusation and complaint are made, after the birth of the child.

The statute of limitations furnishes no bar to such prosecution.

As not only the present maintenance of the child, but the future liability of the town for its support, are sought by such prosecution, the process will not be defeated by the fact, that the child needed no support at the time of the commencement, or of the trial of the complaint.

Testimony of the resemblance of the child to the alleged father, or of the want of it, not being matter of fact, but merely of opinion, is not admissible.

EXCEPTIONS from the Court of Common Pleas, REDINGTON J. presiding.

This was a complaint, founded on the statute in relation to bastardy, in which it was alleged that on or about *Oct.* 18, 1822, that said *Sarah Keniston*, then unmarried, was begotten with child by said *Rowe*, and that she was delivered of the child, *August* 12, 1823. The complaint to the Justice was made and sworn to, *Oct.* 13, 1837. A declaration was filed at the trial, containing the same facts, and also that during the time of travail she had accused *Rowe* of being the father of the child, and had continued constant in the accusation. With the general issue, *Rowe* filed a brief statement, that the process and subject matter thereof were barred by the statute of limitations. The trial in the Court of Common Pleas was at *April Term*, 1838, and it was proved, that about ten years before that time the complainants intermarried ; that she was more than twenty-one years of age at the birth of the child ; that she was then residing in the family of her father, with whom the child, a female, has always lived ; that the child was for a time feeble, but when the complaint was made, and at the time of the trial, was in good health and able to support herself without assistance ; that by the procurement of her father a magistrate came to the house in *April*, 1823, and she made a complaint against *Rowe*, charging him with being the father of the child, on which he was arrested, but which in some way, not appearing in evidence, was settled on some terms by the father, *Rowe* however paying the

officer for serving the warrant; that *August* 18, 1823, she made another accusation and complaint before the same magistrate, and a warrant was issued, but *Rowe* could not be found. This last mentioned complaint was produced at the trial, but the first was not. *Rowe* had been out of the State until the time of the arrest on this warrant.

*Rowe,* by his counsel, objected, 1. This complaint cannot be sustained by the husband and wife for a bastard child begotten upon the wife while sole and unmarried. 2. That the complaint or accusation and examination, authorized to be made by the statute, must be made before the birth of the child, and as it was made *Oct.* 13, 1837, it could not be maintained. 3. That the complaint was barred by the statute of limitations, and by the lapse of time. 4. That it could not be maintained, because the child at the time of the complaint, as well as at the time of the trial, was able to support herself without assistance. The Judge overruled all the objections. *Rowe* offered to prove, that the child did not resemble him in form or complexion. The Judge excluded the testimony. The verdict was against the defendant, and he filed exceptions.

*E. Fuller and Wells,* for the defendant, argued in support of the several objections made at the trial in the Court of Common Pleas. and cited *stat.* 1821, *c.* 72, *sec.* 1; 1 *Root,* 229; 3 *Dana,* 453; 1 *Kent's Com.* 464; *Bac. Ab. Bastardy, B; stat.* 1821, *c.* 62, *sec.* 14; *Wilbur* v. *Crane,* 13 *Pick.* 284; 2 *Conn. R.* 357; 3 *Mason,* 161. The testimony excluded by the Judge, ought to have been admitted. 1 *Stark. Ev.* 17, 449, 450, 452.

*Emmons,* for the plaintiff, insisted in his argument, that the objections were all untenable, and cited *Somerset* v. *Dighton,* 12 *Mass. R.* 383; *Wilbur* v. *Crane,* 13 *Pick.* 284; *Willkie* v. *West,* 1 *Murphy,* 319; 2 *Stark. Ev.* 137; *Drowne,* v. *Simpson,* 2 *Mass. R.* 441; *Dennett* v. *Nevers,* 7 *Greenl.* 399; 2 *East,* 333; 5 *Esp. R.* 92; *Hill* v. *Wells,* 6 *Pick.* 104; 2 *Dane,* 519, *sec.* 4; 6 *T. R.* 148; *Bott's Poor Laws,* 501. There was no error in excluding the testimony offered. 8 *Pick.* 560.

Keniston *v.* Rowe.

The opinion of the Court was subsequently drawn up by

SHEPLEY J. — It was decided in the case of *Wilbur* v. *Crane,* 13 *Pick.* 284, that when the woman marries after the birth of her child, the husband should join in a prosecution of this description.

The statute in terms authorizes the prosecution to be commenced after the birth, and there is nothing in the other provisions so inconsistent as to authorize courts to deny the right. The process is one of a peculiar character, existing only by statute, and any attempt to class it with actions, or suits at common law of any description, will afford little light. It is not comprehended under any term used in the statutes of limitation, nor does it appear to have been designed to be limited by any of them. The facts disclosed in the case remove any legal presumption, if any could arise, on account of the length of time, which has elapsed.

The fact, that the child needs no assistance cannot operate as a bar to the prosecution, for it is not the present maintenance only, which is to be secured ; the party is required to give bond to secure the town against future liability. And it does not enter into the consideration of the case until after there has been a judgment respecting the reputed parentage, when it will become the proper subject of examination and of consideration.

It is said, that the testimony offered should have been admitted, because the color of the child might have been such as to prove conclusively, that the defendant was not the father of it. But it was not the color, or any peculiarity of conformation, or form of features, as matters of fact, that were proposed to be proved, it was to prove a resemblance, which is matter of opinion ; and witnesses, if they could have sight of the persons, might be indefinitely multiplied, without affording any satisfactory ground of judgment for a jury. Witnesses except in some art, trade, or profession, requiring peculiar skill or science, are not called to form comparisons and to testify to opinions arising from them.

The facts being proved, the jury were to be the judges of the effect of similarity or dissimilarity in form or complexion.

*Exceptions overruled.*