# Bracken v. The State.

*Indictment for Seduction.*

1. *Seduction; testimony as to what was said in a conversation asked about on cross-examination admissible on re-direct examination.*—On a trial under an indictment for seduction, where the prosecutrix was asked on cross-examination, for the evident purpose of contradicting her, if she had not made a certain statement to a third person in a conversation relative to her seduction, to which she replied she had not, it is competent and proper to permit her to state on redirect examination what she did tell such third person in the conversation referred to.

2. *Same; admissibility of letters written by defendant to prosecutrix.* On a prosecution for seduction, criminative letters written by defendant to the prosecutrix after the commission of the alleged offense and tending to sustain the prosecution, are admissible in evidence against the defendant, his handwriting having been proven, and the genuineness of the letters not being denied.

3. *Same; secondary evidence as to contents of letters received by prosecutrix from defendant.*—In such a case, the testimony of the prosecutrix that she received a letter from the defendant, in which he said something to her about marrying her, is admissible, notwithstanding the

[Bracken v. The State.]

fact she had destroyed the letter, when it is shown that she had destroyed it from no wrong motive.

4. *Same; confession; when admissible.*—On a trial under an indictment for seduction, the testimony of a brother of the prosecutrix that he went to defendant without any weapon, made no threats or promises, and had a conversation with him, at which no third person was present, sufficiently lays the predicate for the admission of a confession made by defendant to the witness during said interview; and the confession so made is admissible in evidence.

5. *Same; evidence of criminal intimacy with others after offense charged inadmissible.*—On a trial for seduction, evidence that the prosecutrix had been criminally intimate with other men since the date of her alleged seduction by defendant is inadmissible and illegal.

6. *Same; charge of court to jury.*—On a trial under an indictment for seduction, a charge requested by defendant, which authorizes his acquittal unless the jury believe beyond all reasonable doubt that the seduction was accomplished by a promise to marry, is properly refused; since if the seduction was induced by means of temptations, arts or flattery, the offense is as complete as if accomplished by a promise of marriage.

APPEAL from the Circuit Court of Henry.

Tried before the Hon. JOHN. W. FOSTER.

The defendant was indicted, tried and convicted for the seduction of one Delia Roney.

The State introduced evidence tending to show that the defendant was guilty as charged in the indictment.

Ed Roney, as a witness for the State, testified that he was a brother of Delia Roney; that one day he went to the field where the defendant was at work and had a conversation with him; that at that time he had no weapon, made no threats and held out no promises or inducement to the defendant, nor did he say that it would be better for him to tell all about it; and that no one was present except the defendant and himself. The solicitor then asked the witness the following question: "State what the defendant said to you in that conversation?" The defendant objected to the question, because no predicate was laid upon which the confession could be properly admitted. The court overruled the objection, and the defendant duly excepted. The witness then testified to a confession made by the defendant in which he said that he had promised to marry Delia Roney, the sister of the witness. The other facts of the case, necessary to an understanding of the de-

cision on the present appeal, are sufficiently stated in the opinion.

R. H. WALKER, for appellant.

WILLIAM C. FITTS, Attorney-General, for the State.—
1. There was an attempt in this case to put in evidence testimony tending to show that during a period subsequent to the alleged seduction, the woman, Delia, was unchaste. There was no evidence to the effect that she was not possessed of the virtue of chastity at the time of the alleged seduction. It can not avail the defendant to show that as a consequence of the girl's undoing, she continued after her ruin in the path of unchastity. Indeed, instead of being a defense, the proof of permanent ruin should rather tend to aggravate the crime and increase the punishment. The very language of the statute settles this matter—"and no conviction shall be had, if on the trial it is proved that such woman was, at the time of alleged offense, unchaste."—Code of 1886, § 4015.

2. The inquiry is as to the chastity of the woman at the time of the seduction; not as to her character in this particular at a subsequent period.—*Wilson v. State*, 73 Ala. 527; *Munkers v. State*, 87 Ala. 95; *Hussey v. State*, 86 Ala. 34. The 1st, 2d, 3d and 5th charges requested by the defendant were mere arguments.

3. The fourth charge asked by the defendant instructs the jury that they can not convict unless the seduction was accomplished by a promise of marriage, omitting altogether to instruct them that it might have been accomplished by "temptation, deception, arts, or flattery."

HARALSON, J.—There was no error in allowing the prosecutrix to state that she told Judge Gordon, that her pregnancy resulted from an act of intercourse which the defendant had with her on the 17th June, 1894. Defendant had asked her on cross-examination, if she had not told Judge Gordon that she had been seduced by defendant on the 17th June, 1894, to which she replied, she had not, and the question to her by the solicitor on the re-direct examination was for her to state what that conversation was, and what she told Judge Gordon. The defendant called for what he supposed it was, for the

[Bracken v. The State.]

evident purpose of contradicting her, and she had the right to state what it was she told the Judge.—*L. & N. R. R. Co. v. Malone*, 109 Ala. 509.

The letters of defendant to the prosecutrix written after the date of the alleged seduction, were properly admitted in evidence. His handwriting was fully proved, and the genuineness of the letters was not denied. Their contents were of a criminative character against defendant, and tended to sustain the prosecution.

Nor was there error in allowing the prosecutrix, in her examination, to state that she had received a letter from defendant between January and April, 1893, in which he said something to her about marrying her. The letter was shown to have been torn up and destroyed, because, as the witness stated, she had no use for it. It did not appear that she had destroyed it from any wrong motive.

The witness, Ed Roney, proved an admission or confession by defendant. The predicate for it was fully laid before the court admitted it in evidence, and objections to its admission were properly overruled.

There was no error in not allowing defendant to prove criminal intimacy with other men, since the date of her alleged seduction by defendant. The real inquiry is as to the chastity of the woman at the time of the alleged criminal act, and not at a subsequent period.— *Munkers v. The State*, 87 Ala, 94; *Hussey v. The State*, 86 Ala. 34; *Wilson v. The State*, 73 Ala. 527; *Boyce v. People*, 55 N. Y. 644.

The charges given by the court for the State appear to be free from objection. The 1st, 2d, 3d and 5th charges requested by defendant and refused, were requests for improper, argumentative and confusing instructions, and were each properly refused.—*Hussey v. The State, supra.*

The 4th charge predicates an acquittal on the belief of the jury beyond reasonable doubt of the prosecutrix having been induced to submit to intercourse with defendant by a promise of marriage, and ignores reference to its having been accomplished by means of temptation, deception arts and acts of flattery, which the evidence tends to show, and by which, if accomplished, the seduction would be as criminal under the statute, as if induced by a promise of marriage.

We find no error in the record, and the judgment and

sentence of the court below are affirmed.—*Anderson v. The State*, 104 Ala. 83.

Affirmed.

