# Whatley *v.* State.

*Seduction.*

[DECIDED JAN. 11, 1906, 39 So. REP. 1014.]

1. *Judges; Supernumerary Judge; Powers.*—Section 1, (Acts 1898-99 p. 236) confers upon the Supernumerary Judge the right to exercise all the powers of a circuit judge. Sec. 917, Code 1896, authorizes the presiding judge, during a regular term of the court, to order an adjourned term to a time to be fixed by him; Held; that the Supernumerary Judge could order and hold an adjourned term of the court while presiding at a regular term.

2 *Judges; Statutory Provisions; Constitutionality.*—Sections 1 and 2, of the act creating the office of supernumerary judge (Acts 1898-99, p. 236), are sufficiently clear and full to create the office, and confer upon the holder the jurisdiction and powers

[Whatley v. State.]

exercised by him in this case; and these sections could stand alone, conceding the remaining sections to be unconstitutional, *a point not decided.*

3. *Jury; Incompetency of Juror; Grounds of Challenge.*—In a prosecution for an offense punishable by imprisonment in the penitentiary, it is proper grounds for challenge for cause by the state, when a juror states that he does not believe a conviction should be had upon circumstantial testimony. Code § 5018.

4. *Seduction; Admissibility of Evidence.*—In a prosecution for seduction, evidence of whether or not defendant was making love to the prosecutrix is admissible. So, also, to show how long defendant and prosecutrix have been "keeping company." So, also, to show when prosecutrix gave birth to a child, as tending to corroborate prosecutrix as to time of sexual intercourse. So, also, conversation betwen defendant and prosecutrix of a previous marriage of defendant and his efforts to get a divorce.

5 *Criminal Law; Admissions by Defendant.*—Voluntary statements, made after it is charged the act was committed by the defendant, are admissible as confessions.

6. *Same; Appeal; Presumptions.*—It will be presumed, upon appeal, that the trial court properly performed its duty of ascertaining that confession was voluntarily made before admission, unless the record affirmatively shows that it did not do so.

7. *Same; Admissions; Letters.*—Letters voluntarily written by the defendant to the prosecutrix containing incriminating admissions, when properly identified, are admissible.

8. *Same; Character; Ex parte Certificates.*—An ex parte certificate as to the character of the prosecutrix, made while attending a business college, by a person connected with said college, is not admissible for any purpose.

9. *Witnesses; Examination; Scope.*—It is within the discretion of the trial court as to what scope he will allow on the redirect examination of a witness; and it is not reversible error to sustain objections to matters not in rebuttal of the things brought out upon the cross examination.

10. *Criminal Law; Harmless Error; Instructions.*—It is error without injury to refuse a charge embodying instructions fully covered by another charge already given. Nor is it error to refuse a charge argumentative in character, nor one singling out and emphasizing certain portions of the testimony.

11. *Same; Trial; Instructions.*—A charge requiring the State to prove "every element necessary to constitute the offense" is properly refused. What are the elements of an offense is a question of law for the court.

[Whatley v. State.]

12.  *Same; Same; Reasonable Doubt.*—A charge that the jury cannot find the defendant not guilty unless every one of the jurors have a reasonable doubt of his guilt, is a correct statement of the law.

13.  *Same; Same.*—A charge that a reasonable doubt is a doubt growing out of the evidence for which a juror can give a reason, if bad, is error without injury, as being favorable to defendant.

14. *Seduction; Evidence; Age of Prosecutrix.*—In a prosecution for seduction it is competent for the defendant to show the age of the prosecutrix as a circumstance to go to the jury, along with the other evidence, in determining whether the elements constituting the charge existed or not; but it does not constitute an issue in the case as a defense sufficient to authorize an acquittal.

APPEAL from Walker Circuit Court.

Heard before Hon. A. H. ALSTON.

The defendant was indicted, tried and convicted of seduction. Hon. A. H. Alston, Supernumerary Judge, held the regular term of the Walker Circuit Court, and at the regular term made an order for an adjourned term of the same court at a later day. The defendant was tried and convicted and sentenced at the adjourned term, held under this order.

The defendant objected to being put upon his trial because (1) The Circuit Court of Walker County was not in session; (2) The adjourned term had not been legally called; (3) The Supernumerary Judge had no authority to hold an adjourned term; (4) The act creating the office of Supernumerary Judge only authorized that judge to hold regular terms; (5) The trial of this cause was not a part of the unfinished business of the last or any regular term of the Walker Circuit Court.

Witness Brady Ernest testified that "Defendant came to me after the trouble was up and had a talk with me. I asked him what he was going to do? He said he was going to marry my sister and act the gentlemen with her. I told him he could not afford to cause she and I such a downfall. He said he would not. At that time I knew that she was going to give birth to a child. He said he would have to have an operation performed on his throat, sooner or later, and I told him to have it done

before he married.  The defendant moved to exclude this testimony, because it was irrelevant, and because it was a confession and not shown to be voluntary, and because it proposed to prove a statement made after the time of the alleged seduction.  Court overruled the motion.  The solicitor then asked the witness if he did not lend defendant money to have the operation performed.  There was objecttion to the question which was overruled, and the witness answered "I let him have some money to have the operation performed with, that he might be married, he borrowed it of me and has never returned it.  There was motion to exclude this answer, which was overruled. The solicitor then asked the witness "Did he make any other statement to you after the child was born?" there was objection to the question, which was overruled.  The witness said "He did; after the child was born he said that he and my sister would get married and that he would act the gentleman by her.  The following letters identified by the witness, were introduced, to the introduction of which the defendant objected, and which objection was overruled.  "Atlanta, Ga., Dec. 11, 1903, Mr. W. B. Earnest: dear sir and friend, I have wrote you two letters I guess that you have them by now, this leave me O. K. and wanting to come home, they just cut me in one place about three inches, it is doing finely brady I have got to have money to get back to cordova on, for I am strapped; I would wire you but I have not got the where with all to do it with if you will let me have it wire me for I want to start saturday it will cost me $7.60 cents give mary my love and regards and tell her I will write her tomorrow if you can do this just send it to Cocail Circle Ga. well so long.

As ever your friend Olney Whatley.

The certificate of Mrs. Rogers referred to in the opinion was as fololws:—

*To Whom it May Concern:*

This will introduce Miss Mary Earnest, who has been a student in the Massey Business College for some months.

She has proven herself to be an industrious and conscientious student, and during her attendance at the college, has been faithful in the discharge of her duties.

She has always conducted herself in such a manner as to win the esteem and love of her teachers and associates.

Mrs. H. L. Rodgers."

Witness Handley was asked by the defendant "State whether or not the mother of prosecutrix lived at your house some twelve or thirteen years ago, and if at the time the prosecutrix was not a grown woman?" State objected and the objection was sustained.

Written charges refused to the defendant.

16.    The court charges the jury, if from all the evidence in this case you have a reasonable supposition as to defendant's innocence, you must acquit him.

33.    I charge you gentlemen of the jury, that if the state has failed to prove to your satisfaction beyond a reasonable doubt every element necessary to constitute the offense of seduction then you must find the defendant not guilty.

35.    I charge you gentlemen of the jury that there is no evidence in this case that the defendant was going about among the young women of Cordova like a roaring lion seeking whom he might devour, as stated by counsel for the state in his closing argument.

36.    The court charges the jury that there is no evidence in this case that the defendant was going about among the young women of Cordova like a roaring lion seeking whom he might devour.

Given for the State.

1.    I charge you gentlemen of the jury that the age of Mary Earnest is not an issue in this case, and you cannot consider it as a defense in this case sufficient to discharge the defendant.

2.    I charge you gentlemen of the jury that you cannot find the defendant not guilty unless every one of you have a reasonable doubt of his guilt.

3.    I charge you gentlemen of the jury that a reasonable doubt is a doubt growing out of the evidence for which you can assign a reason.

W. C. DAVIS and J. D. ACUFF, for Appellant, argued that the adjourned term of the court was improperly called and held by the Supernumerary Judge, as he had no power or authority to hold other than regular terms,

and could not order and hold adjourned terms. They also argued that the act creating the office of Supernumerary Judge was unconstitutional and void, and conferred no powers upon such judge. Acts 1898-99, p. 236. That the charges refused to the defendant should have been given. 15 Amer. Rep. 668; 82 Amer. St. Rep. 535; 30 Amer. Rep. 213; *Halls v. State,* 116 Ala. 23; *Cooper v. State,* 90 Ala. 641; *Wilson v. State,* 73 Ala. 527. That charge 16, requested by the defendant should have been given.—*Bones v. State,* 117 Ala. 138; *Sherrill v. State,* 138 Ala. 3.

MASSEY WILSON, Att'y. Gen., for State, argued that the act creating the office of Supernumerary Judge was constitutional; That the order was properly made for an adjourned term by the judge holding the regular term. § § 917, 5002, Code 1896.

That the statute giving the judge created by it power to hold regular terms of the circuit and chancery courts was not a limitation upon the right of such judge to hold adjourned, and even special, terms of such courts, the adjourned term being but a prolongation of the regular term.—*Van Dyke v. State,* 22 Ala. 57; *Holly v. Yonge,* 69 Ala. 89; *Keith v. State,* 91 Ala. 2; *Peel v. State,* 39 So. Rep. 251.

ANDERSON, J.—The supernumerary judge, Hon. A. H. Alston, while holding the regular term of the Walker circuit court, made an order during said term for holding an adjourned term of said court for said county, at which said adjourned term this defendant was tried and convicted, and which was presided over by the said Alston. The questions presented for our consideration are: First. Did the supernumerary judge have the authority to order an adjourned term? Second. Did he have authority to hold said term, even if it was properly ordered? Acts 1898, p. 236, creating the office of supernumerary judge and defining his duties and authority, expressly provides that he can hold a regular term when the regular judge fails to attend. Section 917 of the Code of 1896 authorizes the presiding judge during a regular term to adjourn the court for certain purposes until some future

day to be designated by the judge. Section 1, p. 236, of the Acts of 1898, gives the supernumerary judge the right to exercise all the powers of a circuit judge. It therefore stands to reason that the supernumerary judge could do and perform all acts at a regular term of the court that could have been performed by the regular judge. If, therefore, the supernumerary judge could hold a regular term, he could also hold what is termed an adjourned term, which is bue the continuation or prolongation of a regular term.—*Van Dyke v. State,* 22 Ala. 57; *Hundley v. Yonge,* 69 Ala. 89; *Keith v. State,* 91 Ala. 2, 8 *South.* 353, 19 L. R. A. 430; *Peel v. State* (Ala.) 39 South. 251.

Counsel for appellant insists that the act creating the office of supernumerary judge is unconstitution by reason of sections 3, 4, 5, 6, and 7 being therein contained. If their contention be correct, which we need not decide, sections 1 and 2 of the act could stand, and which are sufficiently full and clear to create the office of supernumerary judge and to confer the powers and jurisdiction exercised in the case at bar.

The juror Gibson was properly excused upon motion of the state. If he would not convict upon circumstantial evidence, that was a good cause of challenge.—Code, 1896, § 5018.

There was no error in overruling defendant's objection to the question propounded to the prosecutrix: "State whether or not he was making love to you all the time." It was relevant and material and competent evidence, and no objection was made to the form of the question. It was proper to permit the State to show how long the defendant "kept company with the witness." He was charged with having seduced her upon a promise of marriage, and their relationship and conduct toward each other was a proper element for the consideration of the jury.

There was no error in refusing to exclude the testimony as to when the child was born, as its birth was unquestionably the result of sexual intercourse and may have corroborated the mother as to the time of the intercourse with the defendant.

It was competent to permit the witness to testify as to the conversation she had with the defendant in reference to his marriage and the certificate of divorce. The State relied upon a promise of marriage as the inducement to the witness to yield her person to the defendant. If he was at the time a married man, and she knew it, this fact, unless explained, would be unfavorable to the State, and it had the right to show that he was taking steps or promising to take steps to put himself in position to comply with his promise to marry the prosecutrix.

There was no error in permitting the State to prove what defendant said to Beverly Earnest as to promises to marry the prosecutrix and how he had treated her. They were inculpatory admissions or declarations, and it does not appear that they were involuntary. While, to authorize this kind of declarations as evidence against a party in a criminal prosecution, it is the duty of the trial court to ascertain that they were freely and voluntarily made, still, on appeal, it will be presumed that the trial court properly performed this duty before they were admitted in evidence, unless the record affirmatively shows that the court did not do so.—*Price v. State,* 117 Ala. 113, 23 South. 691; *Gilmore v. State,* 126 Ala. 20, 28 South. 595. The letters written by the defendant to the prosecutrix were properly admitted. They were admissions by him of a criminating character and were evidently voluntary, and no point was made as to the genuineness of the letters.—*Bracken v. State,* 111 Ala. 68, 20 South. 636, 56 Am. St. Rep. 23.

The certificate of Mrs. Rogers, of the Massey Business College, was but the ex parte statement of a person in Houston, Tex., and was in no sense legal and competent, and we cannot hold that its introduction was inoccuous, though limited for a certain purpose.

The action of the trial court will not be reversed for sustaining the State's objection to questions asked the defendant upon redirect examination, as they sought nothing in rebuttal of what was brought out on the cross-examination.

The trial court erred in sustaining the objection to questions propounded by the defendant to the witness Handley, as it had a bearing on the age of the prosecu-

trix. She had testified to her age, and the defendant had the right to show that she was older, and her age was a proper question to be considered by the jury, along with the other evidence, in determining whether the elements constituting the charge existed or not. The promises or artifices made or used by the defendant must have induced her to yield, and it might be that a promise made to a young girl would be a sufficient inducement, and yet might not be deemed by a jury to have been believed or relied upon by a woman of mature age.

Without determining whether charge 16 was good or bad, if good, its refusal was not reversible error, as the principle asserted therein was fully embodied in other charges given at the request of the defendant. Charge 33 was properly refused. It did not state the elements of the offense, but left it to the jury to determine what elements constituted the offense.—*Mann v. State,* 134 Ala. 1, 32 South. 704. Charges 35 and 36 were properly refused, as they were attempted as mere answers to the argument of the solicitor, if not otherwise bad.—*White v. State,* 133 Ala. 122, 32 South. 139. The other charges requested by the defendant, if not otherwise bad, were either argumentative or singled out and hypothesized certain parts of the evidence, and it is not reversible error to refuse such charges.

There was no reversible error in giving charge 1 at the request of the State. While the woman's age was a circumstance that could be considered by the jury along with the other evidence in the case, her age was not an issue in the case, and the question of age could not warrant of itself an acquittal, as the law does not prescribe any age for a female in a case of this character. The charge singles out a certain fact, and, while the refusal of such charge is not a reversible error, neither is it reversible error to give such a charge. Charge 2, given at the request of the State, asserts the law correctly, and was properly given. The third charge, given at the request of the State, was, if bad, favorable to the defendant. It may have misled the jury to believe that a reasonable doubt could exist because of their ability to assign any reason for same, be it whimsical or unsubstantial.—*Car-*

[The State v. Thomas.]

*roll v. State,* 130 Ala. 99, 30 South. 394; *Avery v. State,* 124 Ala. 20, 27 South. 505.

TYSON, DOWDELL, and SIMPSON, JJ., concur.