## WHATLEY v. STATE. (5 Div. 386.)

(Court of Appeals of Alabama. Jan. 31, 1922. Rehearing Denied Feb. 7, 1922, Oct. 24, 1922, Oct. 31, 1922. Affirmed on Mandate of Supreme Court June 26, 1923.)

**I. Indictment and information ⨌19—Indictment in Code form held sufficient.**

An indictment in Code form for seduction, charging in the alternative that the seduction was "by means of temptation, deception, arts, flattery, or a promise of marriage," held sufficient.

**2. Seduction ⨌40—Evidence as to opportunity for sexual intercourse admissible.**

In a prosecution for seduction, evidence showing an opportunity of defendant to have sexual intercourse with prosecuting witness held admissible.

**3. Seduction ⨌46—Evidence as to birth of child admissible to show intercourse.**

In a prosecution for seduction by promise of marriage, evidence as to the birth of a child to prosecuting witness was admissible as corroborative of the fact of her having had sexual intercourse; a material ingredient of the offense charged.

Appeal from Circuit Court, Macon County; S. L. Brewer, Judge.

Leslie Whatley was convicted of seduction, and appeals. Affirmed on authority of Supreme Court on certiorari granted in Ex parte State, In re Whatley v. State, 209 Ala. 5, 96 South. 605.

See, also, 208 Ala. 68, 93 South. 599.

The letter, dated September 7, 1920, introduced in evidence by the prosecution, is as follows:

"Dear Sybil: I told you if you told I was the daddy of your baby I would kill you, if you come to court against me. I will see you there.

"From        Leslie Whatley."

E. Herndon Glenn and Barnes & Walker, both of Opelika, for appellant.

No conviction may be had on a charge of seduction on the uncorroborated testimony of the woman upon whom the seduction is charged. Code 1907, § 7776. Letters identified only by prosecutrix cannot be considered as corroborative of her testimony to prove seduction. Rogers v. State, 101 Ark. 45, 141 S. W. 491, 49 L. R. A. (N. S.) 1198; State v. Wallace, 79 Or. 129, 154 Pac. 430, L. R. A. 1916D, 457. On a trial for seduction, a child alleged to have been born of the alleged intercourse cannot be exhibited to the jury as corroborative evidence of the prosecutrix on account of its resemblance to the defendant. State v. Danforth, 48 Iowa, 43, 30 Am. Rep. 387; State v. Harvey, 112 Iowa, 416, 84 N. W. 535, 52 L. R. A. 500, 84 Am. St. Rep. 350. Corroborative testimony must be of a material fact in the case, and such as to satisfy the jury the prosecutrix is worthy of belief. Suther v. State, 118 Ala. 88, 24 South. 43; Holland v. State, 11 Ala. App. 134, 66 South. 126; Smith v. State, 13 Ala. App. 399, 69 South. 402; Id., 193 Ala. 680, 69 South. 1020. The letter testified by prosecutrix to have been written by defendant after the alleged commission of the offense and after her conversation with defendant, containing no criminative admissions on his part, was improperly admitted in evidence. Bracken v. State, 111 Ala. 68, 20 South. 636, 56 Am. St. Rep. 23; Whatley v. State, 144 Ala. 68, 39 South. 1014; Herbert v. State, 201 Ala. 480, 78 South. 386.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

If the injured party be corroborated on any material point to such extent as to lead the jury to believe her testimony is worthy of belief, this is sufficient. Cunningham v. State, 73 Ala. 51; Wilson v. State, 73 Ala. 527; Munkers v. State, 87 Ala. 94, 6 South. 357; Suther v. State, 118 Ala. 88, 24 South. 43; Weaver v. State, 142 Ala. 33, 39 South. 341; Holland v. State, 11 Ala. App. 135, 66 South. 126; Smith v. State, 13 Ala. App. 399, 69 South. 402; Tarver v. State, 17 Ala. App. 424, 85 South. 855.

BRICKEN, P. J. [1] The defendant was charged by indictment with seduction. The indictment was in Code form, and was sufficient; the demurrers thereto were properly overruled. Wilson v. State, 73 Ala. 527; Smith v. State, 107 Ala. 139, 18 South. 306.

While the indictment in this case charged in the alternative that the alleged seduction complained of was "by means of temptation,

deception, arts, flattery, or a promise of marriage," and while a conviction upon proper evidence could be had under either or all of said charges, it is clear that the state could only rely for a conviction here upon the charge of "a promise of marriage." for the testimony of the prosecutrix eliminates each and every alternative charge except the charge of a promise of marriage: her testimony being:

"He told me if I would yield to what he asked he would marry me; and he took me on out there below the depot and we went to doing intercourse. I yielded. That was March 1, 1919, and he said that he would go to West Point, Ga., and marry me."

There is nothing in the testimony of the prosecutrix showing or tending to show that the sexual intercourse with her was accomplished by means of temptation on the part of defendant, or that she yielded as the result of deception, arts, or flattery; she confines her testimony solely upon the proposition, as above stated:

"He promised to marry, * * * and we went to doing intercourse. I yielded."

The statute under which this defendant was tried and convicted expressly provides, as a condition precedent, that no conviction shall be had under this section on the uncorroborated testimony of the woman upon whom the seduction is charged. The charge against this defendant being in effect restricted by the testimony of the prosecutrix to a charge that by means of a promise of marriage he seduced Sybil Hodnett, the question is therefore presented, Was there adduced upon the trial of this case evidence corroborative of the prosecutrix as to a promise of marriage made to her by this defendant? This is the important question presented, and the alternative charges of "temptation, deception, arts, or flattery" are not involved. In other words, under the testimony of the injured party, the prosecutrix, he either accomplished the alleged seduction by means of a promise of marriage or else there could be no conviction.

[2] There was no error in overruling the objections to the testimony of David Hodnett, brother of the prosecutrix. While there is nothing contained in his testimony corroborative of his sister's statement as to a promise of marriage, his testimony was relevant and admissible in order to show the opportunity of defendant to have sexual intercourse with her, this being a material ingredient of the offense: this witness merely testifying "that he remembered the defendant and his sister, Sybil, going off together in an automobile on or about the 1st of March, 1919, and that they were gone about an hour." This was the same time and place as testified to by the prosecutrix.

[3] Nor was there error in the rulings of the court in allowing the witness Mrs. Hodnett, who had a baby in her arms, to testify that the baby was the child of her daughter, Sybil Hodnett, and that it was born December 3, 1919. While this testimony in no manner could be construed as being corroborative of the prosecutrix as to a promise of marriage to her by the defendant, yet it is admissible as being corroborative of the fact of her having had sexual intercourse: a material ingredient of the offense charged. Whatley v. State, 144 Ala. 68, 74, 39 South. 1014; Tarver v. State, 17 Ala. App. 424, 85 South. 855.

In cases of seduction letters from the accused to prosecutrix containing incriminating statements, when properly identified, are admissible in evidence against him. Bracken v. State, 111 Ala. 68, 20 South. 636, 56 Am. St. Rep. 23; Weaver v. State, 142 Ala. 33, 39 South. 341; Whatley v. State, 144 Ala. 68, 75, 39 South. 1014. The several letters introduced upon this trial purporting to have been sent by defendant to the prosecutrix, and identified by her as being in the handwriting of the defendant, with which she was familiar, have been examined, and, as there is no statement in any of said letters touching the question of a promise of marriage by him to prosecutrix, nor other statement corroborative of her testimony on any material matter, the nature of which would authorize the jury to believe that her testimony is worthy of belief, we are of the opinion that they were therefore immaterial to the issues involved upon this trial, and as a consequence should not have been admitted in evidence over the objection of defendant.

We have searched the record carefully for any evidence the tendency of which would be to corroborate the testimony of the prosecutrix on the question of a promise of marriage, or on any material point the extent of which or the tendency thereof could lead the jury to the belief that her testimony was worthy of belief; and that this is the well-settled rule is beyond all question, and before a conviction of this offense can be had there must be some evidence to this effect. There is no such testimony; hence the terms of the statute (section 7776, Code 1907) have not been met. There was no corroboration of her testimony on these important and material questions, and, this being true, the defendant was entitled to the affirmative charge requested in writing and refused by the court.

The refusal of this charge was error.

Reversed and remanded.

MERRITT, J., not sitting.

## On Rehearing.

BRICKEN, P. J. This court is of the opinion that the facts in this case are practi-

cally on all fours with the facts in the case of Cooper v. State, 90 Ala. 641, 8 South. 821; and, while the Cooper Case is not cited in the original opinion handed down heretofore, we were of the same opinion when the decision in this case was rendered. In the Cooper Case, supra, the Supreme Court, through its illustrious Chief Justice, the lamented Stone, said:

"Nor can a conviction be had on the uncorroborated testimony of the person alleged to have been seduced. There must be corroboration by some other witness, as to some act, or fact, which is an element of the offense charged; and such corroboration must tend to connect the accused with such elemental act, or fact. In other words, 'the corroboration must be such as to convince the jury beyond reasonable doubt that the witness swore truly; but, to produce this conviction, it must be in a matter material to the issue, and must tend to connect the defendant with that material matter.'"

Our construction of the facts adduced upon the trial of this case is in line with the construction of the facts by Stone, C. J., in the Cooper Case, supra, and we so held upon these facts; but the Supreme Court, through Gardner, J., does not agree, it appears, with our views upon the question of fact in this connection, and in Ex parte State ex rel. Attorney General (Whatley v. State) 208 Ala. 68, 93 South. 599, Gardner, J., for the majority, says:

"We entertain the view that the opinion of the Court of Appeals discloses corroboration of the prosecutrix upon material facts which would suffice under the rule announced in this state by the foregoing authorities for the submission of the question of guilt to the jury," etc.

Whether by this and other utterances in the opinion supra the Supreme Court intended to depart from its oft-announced rule of not reviewing this court upon matters or issues of fact we are not prepared to say. The Supreme Court has said, and we think correctly so, that it will not under any circumstances review or revise the findings or conclusions of the Court of Appeals upon the matters or issues of fact only, nor review or revise the findings or conclusions of the Court of Appeals upon matters or issues of fact only, with the view to the ascertainment or determination whether legal principles applied by that court to the decision of the appeal should have been applied thereto. Or, as better stated in Postal Tel. Cable Co. v. Minderhout, 195 Ala. 420, 71 South. 91:

"The Supreme Court will not issue certiorari to review the decision of the Court of Appeals on any question of fact, or in the application of the law to the facts as found, but will only revise the holding of such court on a question of law."

This case has been many times cited and reaffirmed. See Shepard's Alabama Citations, vol. VII, No. 2, 160 (September, 1922).

The effect of the decision of the Supreme Court in Ex parte, State ex rel. Attorney General (Whatley v. State), supra, is to review and revise this court's findings upon matters or issues of fact and the legal principles applied by this court to such matters and issues of fact only. To the decisions of that court we must accord, perforce, as the statute (Acts 1911, p. 95, § 10) provides that decisions of the Supreme Court shall govern the holdings and decisions of the Court of Appeals, etc. In view of that decision, therefore, it must be held that the lower court did not err in refusing the general affirmative charge requested in writing by defendant, and the original opinion heretofore rendered in this case is accordingly modified to that extent.

It cannot be denied that the means relied on to procure a conviction in this case was mainly an alleged promise of marriage, nor can it be questioned that the testimony of the woman who is charged with having been seduced is without corroboration on the part of any other witness, or any other fact in the case, as to this alleged promise of marriage. If, however, by this means—a promise of marriage—or by any of the other means enumerated in the statute, to wit, temptation, deception, arts, or flattery, this defendant seduced the woman named in the indictment, the offense was complete when the sexual intercourse with her was had under these conditions, and it follows, as an elementary rule of evidence, that, in the face of apt objection, no proof of any subsequent act of the defendant is permissible. Herbert v. State, 201 Ala. 480, 78 South. 386.

Over the timely objection and exception of the defendant the state was allowed to examine the prosecutrix relative to a letter alleged to have been written to her by defendant and received by witness on September 7, 1920, more than 18 months after the alleged commission of the offense. And under like conditions this letter was introduced in evidence and read to the jury. As this letter contained nothing of a criminative character, but, to the contrary, was in the nature of a vehement denial of the accusation against him, its admission was improper, and the court's ruling in this connection was error. It has many times been held that letters written by the accused to the prosecutrix before and even after the alleged commission of the offense were admissible in evidence where the contents of such letters contained matters of a criminative character or tended to show the relations that had existed between the parties prior to the alleged commission of the offense. Bracken v. State, 111 Ala. 68, 20 South. 636, 56 Am. St. Rep. 23; Weaver v. State, 142 Ala. 33, 39

South. 341; Whatley v. State, 144 Ala. 68, 39 South. 1014. But it has never been held that a letter which contains no such criminative matter is admissible. In fact the proposition is elementary that a letter from the accused to the prosecutrix, written 18 months after the alleged commission of the offense, which contains no statement of a criminative character nor anything that could be construed in the nature of an acknowledgment of guilt, is not admissible, and should not be allowed in evidence over the objection of the defendant.

The crime of seduction has been termed an "atrocious one." It certainly is a serious charge; but, as stated by Stone, C. J., in Cooper v. State, supra (quoting Lord Hale), "the accusation is easily made. hard to be proved, and harder to be defended, or disproved by the party accused, though ever so innocent." And the general tendency of such a charge is to enlist the sympathies of all men, and of course the jurors, in favor of the victim. In such cases, while administering the law with perfect fairness, courts should be extremely careful that no evidence of a tendency to excite or influence the resentment of jurors, and which does not tend to support the evidence of the prosecutrix or to connect the defendant with the commission of the crime, should be permitted to go before the jury, nor should the unauthorized conduct of any of the parties to the suit the tendency of which would have this effect be permitted. While neither pregnancy nor the birth of a child, is an element in a seduction charge, yet it has been held that profert of a child alleged to be the result of the seduction may be made as being corroboratory of the testimony of the woman of the fact that she has had sexual intercourse with some one. In our opinion however, the manner of making profert of the child in this case was unauthorized, and constituted prejudicial error, and we think the exceptions reserved by the defendant in this connection are well taken. It appears that at the request or order of the solicitor Mrs. Hodnett, the mother of the prosecutrix, was caused to stand before and in front of the jury with the baby in her arms, and was permitted to say, "This baby is the child of my daughter, Sybil Hodnett, over there by the solicitor," etc. Standing thus in front of the jury, with the illegitimate infant, four or five months of age, in her arms, and thus testifying, was unusual and unfair to defendant; for the pitiable scene thus depicted of the old grandmother, with the little infant in her arms, directing special attention to the unfortunate daughter sitting by the solicitor in the presence of the jury, was bordering upon the dramatic, and such a scene has no rightful place in a trial of so serious a nature as the one here, and in our opinion the only resultant effect of such a scene would be to create sympathy and pity for the injured party, and excite or influence the jury and engender their resentment and prejudice them toward the accused, who in this case was a mere country youth hardly bordering upon the threshold of manhood. Profert of the child should have been made for the purpose above stated without accompanying it with the pitiable scene and dramatic incidents as here depicted. The fact that a charge of this nature is "hard to be defended, or disproved by the party accused, though ever so innocent," makes it a case where the court should be specially careful in not permitting any unwarranted conduct upon the part of witnesses or counsel, the tendency of which might excite the animosity of the jury and prejudice them unduly against the accused; for, under the fundamental law of this land, and of this state, this defendant was entitled to a fair and impartial trial by the jury, free from undue sympathy on the one hand, and from resentment, hostility, and prejudice upon the other. We can readily see how an unauthorized dramatic situation or scene of this character could influence a jury in its deliberations. But the question here is not whether this misconduct did affect the verdict of the jury or influence them in their deliberations, but might it have done so. It cannot be denied that it might have thus influenced the jury, and that, in the absence of this unwarranted display and scene in front of the jury, it is possible and entirely probable that a different verdict would have been reached by them; for such a verdict could have been rendered under the evidence alone in this case, without subjecting the jury to adverse criticisms, and, this being true, the exceptions reserved by the defendant must be sustained.

For the errors pointed out in this opinion, the conclusion heretofore reached is adhered to. The judgment appealed from is reversed, and the cause remanded.

Reversed and remanded.

PER CURIAM. Affirmed on authority of Ex parte State (Whatley v. State), 209 Ala. 5, 96 South. 605 (5 Div. 838, Supreme Court).