(105 So. 709)

**THORNE v. STATE.    (6 Div. 614.)**

(Court of Appeals of Alabama.   June 9, 1925. Rehearing Denied June 30, 1925.)

**1. Seduction ⬲⟿40—That child was born as result of cohabitation held relevant.**

In prosecution for seduction, evidence that child was born as result of cohabitation was relevant.

**2. Seduction ⬲⟿40—Date of birth of child, if within period of normal gestation, held admissible.**

In prosecution for seduction, date of birth of child born as result of cohabitation, if within period of normal gestation, held admissible.

**3. Seduction ⬲⟿40—Prosecutrix may testify that defendant was father of child.**

In seduction prosecution, prosecutrix may testify that defendant was father of child born as result of cohabitation.

**4. Seduction ⬲⟿40—Evidence in corroboration of prosecutrix held admissible.**

In seduction prosecution, evidence that child was born as result of cohabitation, date of its birth, and that defendant was its father, held admissible in corroboration of prosecutrix and fixing date of crime and in proof of corpus delicti; evidence, however, not being relevant where it related to time subsequent to time fixed by prosecutrix as date of seduction.

**5. Criminal law ⬲⟿404(1)—Profert of baby properly allowed.**

In seduction prosecution, profert of baby alleged to have been born as result of cohabitation to show resemblance to reputed father held properly allowed.

**6. Seduction ⬲⟿40—Evidence held relevant as tending to show condition, surroundings, and opportunity of parties.**

In seduction prosecution, evidence that prosecutrix was about eighteen years of age, that she was usually alone during mornings, that her father did not stay at home during day, that her brother was away from home during day, held relevant as showing condition, surroundings, and opportunity for courtship and intercourse, free from interference by natural guardians.

**7. Criminal law ⬲⟿406(8)—Admissions of defendant that he was engaged to prosecutrix held competent.**

In seduction prosecution, it was competent to prove admissions of defendant that he was engaged to the girl and was going to marry her as corroborative of her testimony both as to promise of marriage and as to intercourse.

**8. Seduction ⬲⟿40—Proof by qualified doctor of period of average gestation held competent.**

In seduction prosecution, it was competent to prove by qualified doctor the period of average gestation as corroborative of prosecutrix.

**9. Witnesses ⬲⟿268(1) — Permitting fullest cross-examination of defendant's witnesses held without error.**

In seduction prosecution, where defendant's witnesses testified that they had intercourse with prosecutrix on several occasions prior to time laid in indictment, there was no error in permitting fullest cross-examination of such witnesses.

**10. Seduction ⬲⟿39—Chastity of prosecutrix is presumed.**

In absence of evidence to the contrary, chastity of prosecutrix in seduction is presumed.

**11. Criminal law ⬲⟿720(7) — Statement of counsel to jury held legitimate argument.**

In seduction prosecution, statement of counsel to jury that prosecutrix "was a little, young 16 year old girl, a mere child who had not reached womanhood, and who had been ruined by defendant," held within bounds of legitimate argument.

**12. Criminal law ⬲⟿715—Solicitor holding child before jury and statement made at time held natural remark growing out of evidence.**

In seduction prosecution, baby being in evidence for inspection, it was permissible for

solicitor to take it in his arms and exhibit it before jury; stating that "this might happen in your house by other men going to your home and seducing your daughters" *held* but natural remark growing out of evidence.

**13. Criminal law ⟨key⟩1122(4)—In absence of recital that bill of exceptions contains all evidence, written charges refused cannot be reviewed.**

In absence of recital in bill of exceptions that it contains all evidence in case, the Court of Appeals cannot review written ·charges refused to defendant.

**14. Criminal law ⟨key⟩1144(18) — Presumption indulged in favor of court's decision overruling motion for new trial.**

Where trial court heard arguments and evidence in motion for new trial, presumption must be indulged in in favor of court's .decision overruling motion.

Bricken, P. J., dissenting.

Appeal from Circuit Court, Walker County; R. L. Blanton, Judge.

Jack Thorne was convicted of seduction, and he appeals. Affirmed.

Certiorari denied by Supreme Court in Ex parte Thorne, 213 Ala. 551, 105 So. 711.

R. M. Montgomery, of Birmingham, and Gray & Powell, of Jasper, for appellant.

The action of the court in allowing evidence with reference to the birth of a child to prosecutrix and in permitting profert of the child constituted reversible error. Davis v. State, 18 Ala. App. 482, 93 So. 269; Dill v. State, 18 Ala. App. 187, 89 So. 866; Herbert v. State, 38 So. 386; Hope v. State, 137 Ala. 56, 34 So. 840; Owens v. State, 19 Ala. App. 621, 99 So. 774; Maske v. State, 19 Ala. App. 75, 95 So. 204. The remarks of the solicitor in argument were improper, and prejudicial to defendant, and should work a reversal. Woods v. State, 19 Ala. App. 299, 97 So. 179; Davis v. State, 20 Ala. App. 463, 103 So. 73.

Harwell G. Davis, Atty. Gen., and Curtis, Pennington & Pou, of Jasper, for the State.

In the absence of a recital in the bill of exceptions that it contains all the evidence, a refused charge cannot be reviewed. Bissell Motor Co. v. Johnson, 210 Ala. 38, 97 So. 49; B. R., L. & P. Co. v. Canfield, 177 Ala. 422, 59 So. 217; Crow v. McKown, 192 Ala. 480, 68 So. 341, L. R. A. 1915E, 372. · When the state has shown that the child is defendant's, the product of the seduction, born within the period of gestation, profert may be made to corroborate the prosecutrix as to the fact of intercourse. Ex parte State, 209 Ala. 5, 96 So. 605. Whatley v. State, 19 Ala. App. 282, 97 So. 121. If the corroboration goes to a material fact, and satisfies the jury that the woman is worthy of credit, this is sufficient. Suther v. State, 118 Ala. 88, 24 So.

43; Whatley v. State, 208 Ala. 68, 93 So. 599; Allen v. State, 162 Ala. 74, 50 So. 279, 19 Ann. Cas. 867; Cunningham v. State, 73 Ala. 51; Munkers v. State, 87 Ala. 94, 6 So. 357.

SAMFORD, J. [1-5] There are numerous objections and exceptions to questions and answers appearing in the examination of prosecutrix relative to her pregnancy as a result of the act of intercourse which took place as a result of the alleged promise of marriage, and also as to the birth of a child and the date of its birth, and the paternity of such child. That a child was born as a result of the cohabitation was relevant. Cunningham v. State, 73 Ala. 51; Whatley v. State, 19 Ala. App. 282, 97 So. 121. The date of birth, if within the period of normal gestation, is admissible. Whatley v. State, 144 Ala. 68, 39 So. 1014. And the prosecutrix may testify that the defendant is the father of the child so begotten. Watts v. State, 8 Ala. App. 264, 63 So. 18; Davis v. State, ·20 Ala. App. 463, 103 So. 73. All of this in corroboration of prosecutrix and in fixing the date of the crime, and in proof of the corpus delicti. None of this evidence, however, would have been relevant had it related to a time subsequent to the time fixed by the prosecutrix as the date of the seduction. Davis v. State, 18 Ala. App. 482, 93 So. 269; Owens v. State, 19 Ala. App. 621, 99 So. 774. After the court had admitted evidence as to the foregoing, the state, over the timely objections and exceptions of the defendant, was permitted to make profert of the baby. In passing upon this question we are met by a dictum of this court in Tarver's Case, 17 Ala. App. 424, 85 So. 855, and a statement in the opinion in the Whatley Case, 19 Ala. App. 282, 97 So. 121, that—

"There was no error in the rulings of the court in allowing the witness Mrs. Hodnett, who had a baby in her arms, to testify that the baby was the child of her daughter, and that it was born December 3, 1919."

In neither of these cases was the question of profert raised, each being as to the fact of birth and its date. The decision in the Tarver Case was based upon the case of Kelly ·v. State, being a bastardy proceeding, and that of the Whatley Case being based upon Whatley's Case, 144 Ala. 68, 39 So. 1014, where the question was one alone of birth. For the first time, so far as we can find, is the question of profert of a baby in a seduction case presented squarely to the court. It is to be conceded.that, even in bastardy cases, the authorities are in conflict, notably, State v. Danforth, 48 Iowa, 43, 30 Am. Rep. 387; Risk v. State, 19 Ind. 152; Keniston v. Rowe, 16 Me. 38; Barnes v. State, 37 Tex. Cr. R. 320, 39 S. ·W. 684. The foregoing are proceedings in bastardy. In this state and in a bastardy proceeding our court has held

that it was competent to make profert of the baby, after proper identification, to show resemblance to the reputed father. Kelly v. State, 133 Ala. 195, 32 So. 56, 91 Am. St. Rep. 25; White v. State, 74 Ala. 31; State v. Arnold, 35 N. C. (13 Ired.) 184; State v. Woodruff, 67 N. C. 89; Gentry v. McMinnis, 3 Dana (Ky.) 385. The uncertainty of this character of proof is everywhere conceded, and but for the decisions of our own court on the subject we might be inclined to hold otherwise. However unsatisfactory it may be, where as in this case the question of the paternity of the child becomes relevant for any purpose, the jury should have the benefit of a personal inspection of the child that through the sense of sight they may draw their own conclusions, as to a resemblance between the defendant and the baby. If there had been no denial of intercourse at the time as testified to by prosecutrix, a different rule might apply, but in this case the defendant denied the cohabitation, so that, if the child born as a result of intercourse at about the time testified to by the girl was of such resemblance to defendant as to impress the jury that the child was the defendant's, such evidence would corroborate the testimony of prosecutrix and tend to an impeachment of defendant's statement that he did not have intercourse with prosecutrix. So that, if the admission of this testimony was technically inadmissible at the time of its admission, it became legal after all the facts had been brought out. Profert of the baby was properly allowed.

[6] That the prosecutrix was about 18 years of age, that she was usually alone during the mornings of each day, that her father's place of business was in Cordova, that her father did not stay at home during the day, that her brother was away from home during the daytime when defendant was visiting her at the house, and other similar testimony to which objection was made, was relevant as tending to show the condition, surroundings, and opportunity of the parties for carrying on a courtship and such intercourse as they desired to indulge in, free from interference on the part of the natural guardians of the girl.

[7, 8] It was also competent to prove the admissions of defendant that he was engaged to the girl and was going to marry her, and to prove by a qualified doctor the period of average gestation. The foregoing would tend to corroborate the testimony of the girl both as to a promise of marriage and as to the intercourse. While this testimony was as to facts subsequent to the time as laid, it all related to and was connected with the act charged.

[9] In the cross-examination of defendant's witnesses Alexander, Tuggle, and some others, who testified that they had had intercourse with prosecutrix on several occasions prior to the time laid in the indictment, many exceptions were reserved to rulings of the court. Much latitude is allowed in all cross-examinations, and, in testimony such as is here given, many intimate questions may be allowed, so that from the answers the jury may form a correct judgment as to whether the statements are in accord with common sense, common reason, and human experience. The court did not err in permitting the fullest cross-examination of these witnesses.

[10] In the absence of evidence tending to prove to the contrary, the chastity of the prosecutrix is presumed. Wilson v. State, 73 Ala. 527. In the evidence for the state there was no evidence tending to impeach the character of prosecutrix for virtue.

[11] The statement of counsel in his address to the jury that the girl "was a little, young 16 year old girl, a mere child who had not reached the age of womanhood, and who had been ruined by the defendant," was excepted to. This observation was based upon the evidence for the state, and was well within the bounds of legitimate argument.

[12] The child being in evidence for inspection, it was permissible for the solicitor to take it in his arms and exhibit it before the jury, and the statement made by him at the time, "This might happen in your house by other men going to your home and seducing your daughters and taking them out on the highway," was but a natural remark, growing out of the evidence in the case.

[13] The bill of exceptions does not recite that it contains all the evidence in the case. There is a statement that "the foregoing is all the evidence offered both by the defendant and the state on the motion of defendant for new trial," but this does not refer to the evidence in the main trial. In the absence of this recital, we cannot review the written charges refused to defendant. Bissell M. Co. v. Johnson, 210 Ala. 38, 97 So. 49; Wadsworth v. Williams, 101 Ala. 264, 13 So. 755.

[14] On the hearing of the motion for a new trial certain evidence was introduced pro and con upon the question of the arguments used by the state's counsel in presenting the case to the jury. The court heard the arguments and the evidence; we did not; and, indulging the presumptions in favor of the court's decision, we must hold that there was no error in overruling the motion for new trial.

There is no error in the record.

Let the judgment be affirmed.

Affirmed.


BRICKEN, P. J., dissents.