# Nathan Knight *v.* The State.

## *Seduction.*

(Decided July 6, 1906.   41 So. Rep. 850.)

1. *Seduction; Evidence; Consent.*—Where the act of intercourse was not shown to have been consummated between prosecutrix and the witness, evidence that the prosecutrix consented to have intercourse with the witness, was immaterial.

2. *Same; Impeachment of Prosecutrix; Rebuttal.*—Evidence as to the general character of the prosecutrix for virtue and chastity is admissible to rebut evidence offered to impeach her chastity.

[Nathan Knight v. The State.]

3. *Seduction; Jury Question.*—Whether the act of intercourse was the result of force or of seduction is a question for the jury.

APPEAL from Pike Circuit Court.

Heard before Hon. H. A. PEARCE.

The evidence tended to show that accused and prosecutrix were engaged, and had been engaged for some time before the alleged act of intercourse was had, and that consent was obtained by means of promise of marriage. Prosecutrix stated that she did not consent to the act, but that defendant took her in his arms, and without her consent and against her will and by force had intercourse with her. The defendant requested the court to charge the jury as follows: "The jury cannot convict the defendant in this case, because Miss Carrie Green testified that the first act of intercourse with defendant was accomplished by force and against her will." The court declined to give it. Defendant was sentenced to the penitentiary for a period of ten years.

No counsel marked for appellant.

MASSEY WILSON, Attorney-General, for State.—The act not shown to have been consumated, the fact that prosecutrix agreed to have intercourse with Windham, was immaterial as affecting her credibility. Evidence of the woman's character for virtue and chastity was admissible.—*Smith v. State,* 107 Ala. 139; *Suther v. State,* 118 Ala. 88.

SIMPSON, J.—The defendant in this case was convicted of the crime of seduction. The exception to the question to the witness Windham as to whether the prosecutrix had ever consented to have sexual intercourse with him was properly sustained; the act not having been consummated. Evidence having been offered tending to impeach the chastity of the prosecutrix, it was proper to admit testimony as to her general character for virtue and chastity.—*Smith v. State,* 107 Ala. 139, 18 South. 396; *Suther v. State,* 118 Ala. 88, 98, 24 South. 43.

There was no error in the refusal of the court to give the general charge requested in favor of the defendant.

[Bradford v. The State.]

Under section 4972 of the Code of 1896 the case was properly triable in Pike county, and there was evidence to justify a verdict of guilty.

There was no error in the refusal of the court to give charge 2, requested by the defendant. The prosecutrix, on cross-examination, described how the act was accomplished; and it was for the jury to determine, from all the evidence, whether the prosecutrix finally yielded under temptation, or otherwise, as mentioned in the statute. In addition, this matter was fully placed before the jury in the most favorable light to the defendant by charges given by the court at the request of defendant.

The judgment of the court is affirmed.

WEAKLEY, C. J., and HARALSON and DENSON, JJ., concur.