# Barker *v.* The State.

### *Murder.*

(Decided Dec. 20, 1911.  57 South. 88.)

*Charge of Court; Request; Qualification by Court.*—It was error for the court, after having given a written charge at the request of the defendant to remark within the hearing of the jury, "this is a fool charge, but I will give it to you, gentlemen of the jury, as the Supreme Court has said it is good law; but in my opinion, it is misleading." A court may explain a written charge given to the jury at the instance of either party, but may not qualify or modify it.

APPEAL from Elmore Circuit Court.

Heard before Hon. W. W. PEARSON.

Dawes Barker was convicted of murder in the second degree, and he appeals. Reversed and remanded.

LANCASTER & SMOOT, and J. M. HOLLEY, for appellant. No brief came to the Reporter.

R. C. BRICKELL, Attorney General, for the State.

WALKER, P. J.—The defendant requested the court to give this written charge: "A reasonable doubt is not the same as the probability of his innocence. A reasonable doubt of the defendant's guilt may exist when the evidence fails to convince the jury that there is a probability of defendant's innocence." In reference to the action of the court in this connection the bill of exceptions states: "The court gave this charge at the request of the defendant, but at that time and in the presence of the jury made the following remarks in reference to said charge, to wit: 'This is a fool charge, but I will give it to you, gentlemen of the jury,

as the Supreme Court has said it was good law; but in my opinion it is misleading.' To this remark of the court the defendant then and there duly excepted."

The statute provides that "charges moved for by either party must be in writing, and must be given or refused in the terms in which they are written."—Code, § 5364. In giving effect to this statute it has been held that the court may explain to the jury a written charge given at the instance of a party, but is not permitted to qualify or modify it (*Callaway & Truitt v. Gay*, 143 Ala. 524) ; and that even when a given written charge asserts a proposition which is legally incorrect, or which for any reason the court might properly have refused to assert, the statute has the effect of making the addition to it by the court of any qualification of it a reversible error.—*Eiland v. The State*, 52 Ala. 322; *Edgar v. The State*, 43 Ala. 45. It cannot well be claimed that by the act of the court in accompanying the giving of an instruction requested with a statement that it is a fool charge which, in the opinion of the court, is misleading, the instruction as given is not so modified, and its weight with the jury as a guide for their deliberations so impaired, as probably to lead them to consider it, if they consider it at all, mainly with the view of not being misled by it, rather than to regard it with that respect which should be accorded to the instructions of the court as to the law applicable to the issues of fact to be passed on. Without regard to whether or not there was merit in the court's criticism of the charge, it was improper for it to indulge in disparaging remarks to the jury in reference to a proposition embodied in a charge given to them as a part of the law by which they should be governed in the discharge of the duty imposed upon them. The jury should not, by any act or statement of the court, be left under the

[Gilbert v. The State.]

impression that any part of the instructions to them is by the court itself regarded as unworthy of approval as a statement of what the law really is, or that it is perfunctorily or unwillingly given to them in charge as a part of the law of the case, though the court withholds from it its assent or approval. It is idle to expect a jury to give respectful consideration to a charge when the court makes known that it regards the proposition embodied in it, not as law, but as mere foolishness.

Other questions presented by the record need not be passed on, as they may not arise on another trial.

Reversed and remanded.