(75 South. 703)

WILLIAMS v. STATE.   (3 Div. 287.)

(Court of Appeals of Alabama.   May 29, 1917.)

1. WITNESSES ☞337(6)—IMPEACHMENT—CONVICTION OF CRIME—STATUTE.

Code 1907, § 4009, providing that a witness may be examined touching his conviction for crime, and his answers contradicted, changed the rule previously existing, and accused may be examined regarding his prior conviction for larceny.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1132, 1140–1142, 1146–1148.]

2. CRIMINAL LAW ☞1160—REVIEW—MOTION FOR NEW TRIAL.

Where there was evidence tending to prove accused's guilt, denial of his motion for new trial will not be disturbed on appeal.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 3084.]

Appeal from City Court of Montgomery; Gaston Gunter, Judge.

Jim Williams was convicted of crime, and appeals. Affirmed.

Brassell & Brassell, of Montgomery, for appellant. W. L. Martin, Atty. Gen., for the State.

BROWN, P. J. [1] The rule, prevailing before the adoption of the Code of 1907, relative to the examination of a witness touching his conviction for crime, was changed by section 4009 of the Code, which provides:

"A witness may be examined touching his conviction for crime, and his answers may be contradicted by other evidence."

See Moore v. State, 12 Ala. App. 243, 67 South. 789.

Under this statute, it was permissible for the state, on cross-examination of the defendant, to elicit evidence touching his conviction of larceny, an offense involving moral turpitude. Moton v. State, 13 Ala. App. 43, 69 South. 235.

[2] There was evidence tending to prove the defendant's guilt, and the ruling of the trial court on the motion for new trial will not be disturbed. Sou. Ry. Co. v. Kirsch, 150 Ala. 659, 43 South. 796.

Affirmed.