(85 South. 855)

**TARVER v. STATE.    (8 Div. 743.)**

(Court of Appeals of Alabama.    April 20, 1920.)

1. CRIMINAL LAW &#8701;752 — MOTION TO EXCLUDE ALL EVIDENCE FOR FAILURE TO ESTABLISH PRIMA FACIE CASE PROPERLY OVERRULED.

Motion to exclude all of the evidence introduced by the state, on the ground that state had failed to establish a prima facie case, made after the state had rested its case, was properly overruled.

2. CRIMINAL LAW &#8701;472—SEDUCTION &#8701;46—DOCTOR'S TESTIMONY AS TO USUAL PERIOD OF GESTATION HELD COMPETENT AND CORROBORATIVE.

In prosecution for seduction, where prosecutrix testified that the intercourse had taken place the first Sunday in March, and that she had given birth to child the following October 25th, doctor's testimony that it was not unusual for a girl of prosecutrix's age to give birth to a child within such a period *held* competent, and such testimony tended to corroborate the statement as to the time of the sexual intercourse.

3. SEDUCTION &#8701;49 — CORROBORATION OF PROSECUTRIX HELD FOR JURY.

In prosecution for seduction, whether there was evidence corroborative of the testimony of prosecutrix as required by Code 1907, § 7776, *held* for jury.

4. SEDUCTION &#8701;46 — CORROBORATION OF PROSECUTRIX SUFFICIENT, IF IT EXTENDS TO A MATERIAL FACT.

In prosecution for seduction, evidence corroborative of the testimony of prosecutrix is sufficient under Code 1907, § 7776, if it extends to a material fact and satisfies the jury that prosecutrix is worthy of credit.

5. SEDUCTION &#8701;46—BIRTH OF CHILD AND PROFERT THEREOF HELD CORROBORATIVE EVIDENCE.

In prosecution for seduction, evidence that prosecutrix had given birth to a child and profert of the child to the jury is corroborative of prosecutrix as to cohabitation.

6. CRIMINAL LAW &#8701;1159(5)—RESEMBLANCE BETWEEN DEFENDANT AND PROSECUTRIX'S BABY NOT FOR COURT ON APPEAL.

In prosecution for seduction, where child to which prosecutrix had given birth and the defendant were both before the jury, appellate court cannot say that the jury did not find the resemblance between the two so strong that they were convinced beyond all reasonable doubt that the defendant was the father of the child.

7. CRIMINAL LAW &#8701;323—EVIDENCE HELD TO WARRANT INFERENCE OF FLIGHT.

In prosecution for seduction, evidence that defendant on returning from the army heard that prosecutrix had given birth to a child, and that he remained home only two days, when he left for another state, *held* to warrant inference of flight.

8. SEDUCTION &#8701;50(4)—INSTRUCTION AS TO CLAIMED PROMISES HELD WARRANTED BY EVIDENCE.

In prosecution for seduction, instruction that state contended that there were not only temptations, arts, flatteries, and deceits, but a promise to marry, used by defendant in seducing the prosecutrix, *held* warranted by the evidence.

9. SEDUCTION &#8701;42—IMMORAL CONDUCT OF PROSECUTRIX SUBSEQUENT TO SEDUCTION HELD INADMISSIBLE.

In prosecution for seduction, testimony that prosecutrix had sexual intercourse with other men subsequent to the time of the alleged seduction was not admissible.

10. SEDUCTION &#8701;42—GENERAL REPUTATION OF PROSECUTRIX FOR CHASTITY HELD COMPETENT.

In prosecution for seduction, where defendant had introduced evidence impeaching the chastity of the prosecutrix, it was competent for the state to introduce evidence of the prosecutrix's general reputation for virtue and chastity at the time of her alleged seduction.

11. CRIMINAL LAW &#8701;822(6)—INSTRUCTIONS CORRECTLY ASSERTING THE LAW, WHEN TAKEN AS A WHOLE, ARE SUFFICIENT.

Where the entire charge of the court, both oral and written, correctly asserts the law governing the case, a reversal will not be made, under Acts 1915, p. 815, though the charge contains some expressions which, disconnected from the rest of the charge, fails to state all the constituents of the offense.

---

&#8701;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

12. CRIMINAL LAW &761(6) — INSTRUCTION THAT PROSECUTRIX WAS WEAKER THAN DEFENDANT INVADED PROVINCE OF JURY.

In prosecution for seduction, instruction that a woman is weaker than a man *held* erroneous, whether the woman is the weaker of the two being a question for the jury, to be determined on the particular facts of each individual case.

13. CRIMINAL LAW &761(15)—INSTRUCTION THAT CHILD WAS THE FRUIT OF SEDUCTION INVADED PROVINCE OF JURY.

In prosecution for seduction, instruction that "the child is the fruit of the alleged seduction, because of this alleged seduction he is before you," *held* erroneous; the question of whether the child was the fruit of the alleged seduction being for the jury.

14. CRIMINAL LAW &763, 764(1)—EXPRESSIONS SUGGESTING THAT FACT HAS BEEN ESTABLISHED IMPROPER.

Judges of trial courts are required to avoid the use of any phrase or expression which might impress the jury that they are suggesting that any vital fact which they should determine is established by the evidence.

Appeal from Circuit Court, Morgan County; F. Loyd Tate, Judge.

Raymond Tarver was convicted of seduction, and he appeals. Reversed and remanded.

Sample & Kilpatrick, of Hartsells, for appellant.

The court erred in not granting the motion to exclude the state's evidence, as it failed to make out a prima facie case. 16 Ala. App. 213, 77 South. 83; 162 Ala. 81, 50 South. 281; 162 Ala. 74, 50 South. 279, 19 Ann. Cas. 867; 118 Ala. 99, 24 South. 43; 90 Ala. 641, 8 South. 821; 11 Ala. App. 134, 66 South. 126. For the same reason the defendant was entitled to the affirmative charge. One of the questions at issue was whether or not the prosecutrix was a chaste woman at the time of the seduction. 107 Ala. 139, 18 South. 306; 118 Ala. 88, 24 South. 43. Counsel discuss other assignments of error, but without further citation of authority.

J. Q. Smith, Atty. Gen., and Harwell G. Davis, Asst. Atty. Gen., for the State.

The court properly overruled the defendant's motion to exclude the state's evidence, and also properly denied defendant the affirmative charge. 173 Ala. 639, 55 South. 821; 188 Ala. 375, 66 South. 441; 195 Ala. 320, 70 South. 136. The doctor's evidence was admissible. 144 Ala. 74, 39 South. 1014. The birth of the child and its profert, together with the evidence of social attention, was corroborative, and rendered the question one for the jury. 11 Ala. App. 134, 66 South. 126; 13 Ala. App. 399, 69 South. 402;

193 Ala. 680; 73 Ala. 51; 144 Ala. 68, 39 South. 1014; 133 Ala. 195, 32 South. 56, 91 Am. St. Rep. 25; 162 Ala. 74, 50 South. 279. On these authorities it must be held that there was no error in the other rulings of the trial court.

MERRITT, J. [1] The defendant was convicted under an indictment on a charge of seduction, and sentenced to the penitentiary for a term of not less than three nor more than five years. Upon the solicitors resting the case of the state, and before the defendant introduced any testimony, the defendant moved to exclude all of the evidence introduced by the state because it failed to establish a prima facie case. There was no error committed by the trial court in overruling this motion. McCray v. Sharpe, 188 Ala. 375, 66 South. 441; Scales v. Central Iron & Coal Co., 173 Ala. 639, 55 South. 821; Mobile Light & Ry. Co. v. Portiss, 195 Ala. 320, 70 South. 136.

[2] The prosecutrix testified that the sexual intercourse with the defendant took place the first Sunday in March, and that the child was born the following October 25th. It was competent for the state to introduce the testimony of the doctor to the effect that it was not unusual for a girl of the age of the prosecutrix to give birth within such a period. Such testimony tended to corroborate the statement as to the time of the sexual intercourse. Whatley v. State, 144 Ala. 74, 39 South. 1014.

[3, 4] It is insisted that the court committed error in refusing to charge the jury that the defendant could not be convicted, because there was a lack of evidence to corroborate the testimony of the prosecutrix as required by Code 1907, § 7776. It is well settled by a long line of decisions in this state that the corroborative evidence is sufficient to meet the requirements of the statute, "if it extends to a material fact, and satisfies the jury that the woman is worthy of credit." Suther v. State, 118 Ala. 88, 24 South. 43; Holland v. State, 11 Ala. App. 134, 66 South. 126; Smith v. State, 13 Ala. App. 399, 69 South. 402; Id. 193 Ala. 680, 69 South. 1020.

[5, 6] One of the material ingredients of the crime is that sexual intercourse had been had with the prosecutrix. There was evidence that she had given birth to a child and profert of the child was made to the jury. This was corroborative evidence of cohabitation. The child and the defendant were both before the jury, and this court cannot say that the jury did not find the resemblance between the two so strong that they were convinced beyond all reasonable doubt that the defendant was the father of the child. Kelly v. State, 133 Ala. 195, 32 South. 56, 91 Am. St. Rep. 25.

&For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[7] There was evidence, other than that of the prosecutrix, which tended to show that the defendant was paying social attentions to the prosecutrix, virtually to the exclusion of all other men, during the time of the alleged seduction. The defendant admitted that upon returning home from the army he heard that the prosecutrix had given birth to a child; that he remained at home only two days, and left, going to the state of Florida, where he was at the time he was arrested. From this the jury might have inferred flight, which tended to prove an element of the offense. Wilson v. State, 73 Ala. 527; Holland v. State, supra.

[8] The trial court committed no reversible error in stating that the state contended that there were not only temptations, arts, flatteries, and deceits, but a promise to marry, used by the defendant in seducing the prosecutrix. It is insisted that there was no testimony of the use of temptations, arts, flatteries, and deceits, and that therefore the court's charge should have been limited to the promise to marry. The testimony of the prosecutrix, which the jury evidently believed, was to the following effect:

"We went driving in an automobile on the highway down near Flint. He said he loved me, and would marry me, and take care of me. He hugged me, and kissed me, and that was the time I submitted to him. I submitted, because I loved him, and he made me such faithful promises I could not help but submit to him."

This testimony was before the jury without objection. This brief statement paints a word picture which depicts in vivid colors every criminal element enumerated in the statute. There was the "art," the skillful arrangement of a situation suitable to the attainment of his desires; there was the flattery, the ardent caresses and faithful professions of love; there was the temptation, the enticement to turn from the path of rectitude; and it is not to be disputed that, if the surrender of her virtue and the commission of this social and moral crime was induced by such acts as stated by the prosecutrix, there was also present the element of deceit. To prevent by such wiles the defiling of chaste womanhood, the greatest blow that can be leveled at our social civilization, this statute against seduction was aimed. Wilson v. State, supra; Cooper v. State, 90 Ala. 641, 8 South. 821; Suther v. State, supra. That the defendant accomplished the satisfaction of his passion by combining the use of all the methods denounced by the statute is not the less, but the more, the reason he should suffer the penalty of the law, purposed to protect the purity of womanhood.

[9] The trial court correctly refused to permit the introduction of testimony tending to show that the prosecutrix had been guilty of holding sexual intercourse with other men subsequent to the time of the alleged seduc-

tion. One is not permitted to defend on the course of conduct which was first begun because of his own criminal act. The question is not how far down the ladder she descended after having first erred, but whether or not she was chaste at the time the defendant induced her to yield her virtue to the satisfaction of his criminal passion. Bracken v. State, 111 Ala. 68, 20 South. 636, 56 Am. St. Rep. 23; Munkers v. State, 87 Ala. 94, 6 South. 357; Hussey v. State, 86 Ala. 34, 5 South. 484.

[10] A Mrs. Scott testified in behalf of the defendant that in the latter part of February or the first of March she and a man, whose name she refused to disclose to the jury, and the prosecutrix and a Mr. Newsome, went driving in an automobile one night; that prosecutrix and Mr. Newsome got out of the car and went down in the woods, and that witness and her partner drove on down the road; that on their return they picked the prosecutrix and Mr. Newsome up. This evidence could have been introduced for no other purpose than to impeach the chastity of the prosecutrix. It was competent thereafter for the state to introduce evidence of the prosecutrix's general reputation for virtue and chastity at the time of her alleged seduction. Knight v. State, 147 Ala. 93, 41 South. 850, 119 Am. St. Rep. 58; Smith v. State, 107 Ala. 139, 18 South. 306.

[11] The court is compelled to consider the oral and the given written charges in connection with each other. Acts 1915, p. 815. And when, taking the entire charge of the court, both oral and written, it is found to correctly assert the law governing the case, a reversal will not be made although it contains some expressions which, disconnected from the rest of the charge, fail to state all the constituents of the offense. Williams v. State, 83 Ala. 68, 3 South. 743.

[12] The defendant excepted to several portions of the court's oral charge. It is insisted that the court erred in charging the jury that—

"the law recognizes the fact that a woman is weaker than a man; that it is the part of the man to protect; that if a man presumes upon the weakness of a woman, and seeks to overthrow her virtue through deception, arts, temptation, or promise to marry, and through these means gets her to yield to him, and she does yield because of it, and she does yield her chastity, she being a virtuous woman at the time, he cannot be acquitted, but is guilty of seduction."

While the jury might have been justified in inferring, from the youth and inexperience of the prosecutrix and the intelligence and other vantage ground occupied by the defendant, if the evidence tended to show such, that the woman was the weaker of the two, yet this is a question solely for the determination of the jury, depending on the pe-

culiar facts of each individual case. Smith v. State, 13 Ala. App. 399, 69 South. 402; Hall v. State, 134 Ala. 90, 32 South. 750.

[13, 14] It is also insisted that the court erred in charging the jury that "the child is the fruit of the alleged seduction, because of this alleged seduction he is before you." Whether the child was the fruit of the alleged seduction was a question solely for the determination of the jury, and one of the vital questions to be determined in reaching a verdict of whether the defendant was guilty as charged in the indictment. Judges of trial courts are required to avoid the use of any phrase or expression which might impress the jury that they are suggesting that any vital fact which they should determine is established by the evidence. Hall v. State, supra.

For the errors pointed out in the oral charge of the court, the case must be reversed.

Reversed and remanded.