(93 South. 599)

## Ex parte STATE ex rel. ATTORNEY GENERAL.

## WHATLEY v. STATE. (5 Div. 822.)

(Supreme Court of Alabama. May 4, 1922. Rehearing Denied June 30, 1922.)

**1. Seduction &#9750;46—Corroboratory evidence of material fact sufficient.**

Corroboratory evidence is sufficient if it extends to a material fact, and satisfies the jury that the woman is worthy of credit.

**2. Seduction &#9750;43—Letters containing words of endearment admissible in corroboration of promise of marriage.**

Letters containing words of endearment are admissible to corroborate the testimony of prosecutrix as to a promise of marriage, though the letters contained no language indicating such a promise.

Sayre, J., dissenting.

Certiorari to Court of Appeals.

Petition of the State of Alabama, on the relation of its Attorney General, for certiorari to the Court of Appeals to review and revise the judgment and decision of that court in the case of Leslie Whatley v. State of Alabama. Petition granted, and case reversed and remanded.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for appellant.

It is not necessary that the testimony of the injured party be corroborated as to the means used by the defendant in bringing about the unlawful relation; all that is necessary, by way of corroboration, is that there be other witnesses who testify touching any material question in the case, and that such testimony be sufficient to lead the jury to believe that the injured party is worthy of belief. 73 Ala. 51; 73 Ala. 527; 87 Ala. 94, 6 South. 357; 118 Ala. 88, 24 South. 43; 142 Ala. 33, 39 South. 341; 11 Ala. 135; 13 Ala. App. 399, 69 South. 402; 17 Ala. App. 424.

Barnes & Walker and E. Herndon Glenn, all of Opelika, for appellee.

The corroboration must be of a matter material to the issue. 87 Ala. 94, 6 South. 357; 73 Ala. 527; 90 Ala. 641, 8 South. 821; 24 R. C. L. 760; 3 Wharton Crim. Law (11th Ed.) § 2110; Hughes, Crim. Law & Proc. § 2160; 35 Cyc. 1360.

GARDNER, J. Leslie Whatley was convicted of the offense of seduction in the circuit court of Macon county. Upon appeal his conviction was reversed by the Court of Appeals, and this petition is by the state to review the action of that court in reversing said judgment.

The opinion of the Court of Appeals discloses that the indictment charged the alleged seduction complained of was "by means of temptation, deception, arts, flattery, or a promise of marriage," and the conclusion is reached by that court that the testimony of the prosecutrix eliminated every alternative charge in the indictment, except the charge of a promise of marriage.

The Court of Appeals further held that the defendant was entitled to the affirmative charge, and that its refusal constituted reversible error. This result is reached because of the fact that, in the judgment of the court, evidence was not presented corroborative of the prosecutrix as to the promise of marriage; the court saying:

"The charge against this defendant being in effect restricted by the testimony of the prosecutrix to a charge that by means of a promise of marriage he seduced Sybil Hodnette, the question is therefore presented, Was there adduced upon the trial of this case evidence corroborative of the prosecutrix as to a promise of marriage made to her by this defendant?"

[1] We are of the opinion this is an erroneous view of the law established in this state, however the question may be viewed in other jurisdictions. The provision of our statute as to the sufficiency of evidence corroborative of that of prosecutrix has been construed to be met if "the corroboration shall be of some matter material to the guilt of the accused, that such matter must not be in its nature formal, indifferent, or harmless, and that its effect shall be to convince the jury that the corroborated witness has sworn truly." Such was the effect of the holding in Cunningham v. State, 73 Ala. 51. This was subsequently reaffirmed in Wilson v. State, 73 Ala. 527. In the latter case, Chief Justice Brickell, stating his own views upon the question, was of the opinion that the corroborative evidence must be of such facts and circumstances as to show the commission of the offense, but his views did not meet with the approval of the majority of the court. He therefore concludes the observation of

his personal views by the following statement:

"A majority of the court do not, however, concur in this view. They adhere to the rule laid down in Cunningham v. State, at present term, * * * and it must be regarded as settled that the corroboratory evidence is sufficient, if it extends to a material fact, and satisfies the jury the woman is worthy of credit."

The Cunningham and Wilson Cases, supra, were again reaffirmed in Munkers v. State, 87 Ala. 94, 6 South. 357, the court saying:

"This clause of the statute was fully considered in Cunningham v. State, 73 Ala. 51. It was then construed as not requiring that other witnesses shall testify to every fact testified to by the woman; but that its requirements are met, when the corroboration is of some matter which is an element of the offense, and its effect is to satisfy the jury that the corroborated witness has testified truly. The true rule is stated as follows: 'That the corroboration shall be such as to convince the jury, beyond reasonable doubt, that the witness swore truly; but, to produce this conviction, it must be in a matter material to the issue, and must tend to connect the defendant with that material matter, and the matter itself must not be in its nature formal, indifferent, or harmless.' This construction was reaffirmed in Wilson v. State, 73 Ala. 527, at a subsequent term of the court."

To like effect see Weaver v. State, 142 Ala. 33, 39 South. 341; Suther v. State, 118 Ala. 88, 24 South. 43, where the court speaking to this question said, after referring to the Cunningham Case, supra:

"After a thorough consideration of the question the conclusion was reached and the rule announced that the corroboratory evidence is sufficient if it extends to a material fact, and satisfies the jury that the woman is worthy of credit."

This rule was reaffirmed in the case of Wilson v. State, 73 Ala. 527, and has been adhered to in all subsequent cases in which the question arose. See, also, Tarver v. State, 17 Ala. App. 424, 85 South. 855; Smith v. State, 13 Ala. App. 399, 69 South. 402. The question was again reviewed in Allen v. State, 162 Ala. 74, 50 South. 279, 19 Ann. Cas. 867, where the writer of the opinion calls attention to the Cunningham Case and the Wilson Case, and that the rule therein announced has been now well established; the court saying:

"It was unnecessary that the corroborating evidence should be as to all the material elements of the offense, or that it should tend to convict the defendant of the commission of the offense, as is required in the case of convictions of felonies on the testimony of accomplices."

In Cooper v. State, 90 Ala. 641, 8 South. 821, so far as the legal evidence was considered, there was no corroboration of the prosecutrix at all.

We entertain the view that the opinion of the Court of Appeals discloses corroboration of the prosecutrix upon material facts which would suffice under the rule announced in this state by the foregoing authorities for the submission of the question of guilt to the jury, and that the Court of Appeals erred in the conclusion that the defendant was entitled to the affirmative charge.

[2] While we are not called upon to review the holding of the court upon the question of the admissibility of letters offered in evidence, yet, in view of a reversal of the cause, we think it not inappropriate to state that these letters should not be rejected solely upon the ground they contained no promise of marriage or language indicating such a promise, but if, as indicated by the state, these letters contained words of endearment, they would be properly admitted as tending to corroborate, in some degree, the testimony of the prosecutrix as to the promise of marriage.

For the error indicated, the judgment is reversed, and the cause remanded to the Court of Appeals for further consideration.

Petition granted. Reversed and remanded.

ANDERSON, C. J., and McCLELLAN, SOMERVILLE, and MILLER, JJ., concur.
SAYRE, J., dissents.
THOMAS, J., not sitting.