## OWENS v. STATE. (7 Div. 930.)

(Court of Appeals of Alabama. April 15, 1924.)

1. **Indictment and information** ⚖️10—**Motion to quash for insufficiency of evidence before grand jury properly denied.**

If there was no evidence before grand jury, motion to quash indictment can be sustained, but, if there was some legal evidence, its sufficiency was for grand jury, and motion to quash for insufficiency was properly denied.

2. **Criminal law** ⚖️656(3)—**Court's remark that he did not think former decision right held reversible error.**

Where specific date of seduction was fixed, trial court's statement on objection to evidence that prosecutrix subsequently became pregnant, that under certain Supreme Court decision evidence was inadmissible, and that court ought to be bound thereby, "notwithstanding I don't think it is right," was harmful, in view of subsequent admission of doctor's testimony as to pregnancy, though evidence was afterwards excluded.

3. **Courts** ⚖️91(1)—**Criminal law** ⚖️655(1)— **Trial courts must conform to expressed opinions to Supreme Court decisions, and disparagement thereof is error.**

Trial courts must conform their opinions expressed in discharge of official duty to opinions of Supreme Court, which decisions are "last word" as to law in state, and trial court's disparaging remark of superior court's decisions relating to causes on trial is not only error but highly improper.

4. **Criminal law** ⚖️406(1)—**Seduction** ⚖️40 —**Subsequent admissions and acts of defendant relating to acts leading up to crime held admissible.**

Testimony and admissions and acts of defendant, subsequent to time of alleged seduction, which relate to, or are germane to, acts leading up to and including consummation by sexual intercourse, are admissible.

5. **Seduction** ⚖️40—**Defendant's subsequent acts and declarations not corroborative of prosecutrix held irrelevant.**

Defendant's acts and declarations, subsequent to date fixed as date of seduction, and relating to other and subsequent acts of intimacy, which, if true, would not tend to corroborate prosecutrix as to what transpired leading up to first act of intercourse, are irrelevant.

<hr>

⚖️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] Ante, p. 153.

**6. Seduction ⊜45—Conviction only on proof beyond reasonable doubt of promise of marriage.**

Where state relied on promise of marriage, without proof beyond reasonable doubt that promise was made, there could be no conviction.

**7. Seduction ⊜46—Corroboration of prosecutrix must be of material fact.**

Conviction for seduction cannot be had on uncorroborated testimony of prosecutrix, which corroboration must be of such material fact relevant to issue of defendant's guilt as warrants jury in believing her entire statement; any act of either known to the other which indicates that promise was made and accepted being relevant.

Appeal from Circuit Court, Clay County; George F. Smoot, Judge.

Marvin Owens was convicted of seduction, and appeals. Reversed and remanded.

Pruet & Glass, of Ashland, for appellant.

It was error for the court to state in the presence of the jury that he did not believe a decision of the Supreme Court was right. Baker v. State, 2 Ala. App. 92, 57 South. 88; Griffin v. State, 90 Ala. 600, 8 South. 670. Evidence that after defendant's promise the prosecutrix made things, discussed a house, and other evidence of that nature, should not have been admitted. Maske v. State, ante, p. 75, 95 South. 204; Davis v. State, 18 Ala. App. 482, 93 South. 269; Burke v. State, 18 Ala. App. 413, 92 South. 506; 40 Cyc. 2480. The defendant was due the affirmative charge. Burke v. State, supra.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Sufficiency vel non of evidence before the grand jury cannot be reached by motion to quash. Walker v. State, 17 Ala. App. 555, 86 South. 257.

SAMFORD, J. [1] On the trial in this case defendant filed motion to quash the indictment on the ground of insufficiency of evidence before the grand jury returning the bill. The court heard evidence on the motion, and entered a judgment denying same. In this there was no error. If there had been no evidence before the grand jury, the motion should have been sustained, but, there having been some legal evidence, its sufficiency was for the grand jury. Walker v. State, 17 Ala. App. 555, 86 South. 257.

[2] The date of the alleged seduction was fixed as of date the fourth Saturday night in April, after the promise of marriage had been made on March 1st preceding. Following that testimony, the solicitor asked questions seeking to prove that subsequent to that time the prosecuting witness became pregnant by defendant. The defendant objected, and the court, said: "Well, under the decision in this Herbert Case (Herbert v. State, 201 Ala. 480, 78 South. 386), it would not be admissible. I think the court ought to be bound by it, notwithstanding I don't think it is right." To the last sentence in the foregoing quotation the defendant then and there excepted. Later on in the trial, and over the objections and exceptions of the defendant, the state was permitted to examine in extenso Dr. Stephens with reference to an examination he had made of the woman and admissions made to him by defendant touching and relating alone to the pregnancy of the woman, which had admittedly occurred subsequently to the date fixed as the date of first intercourse between the parties. After the state closed its case, the defendant again moved to exclude the testimony of Dr. Stephens, and the motion was granted. Motion for new trial was made and overruled.

[3] Whatever may have been the opinion of judges of courts of inferior jurisdiction, such judges must conform their opinions expressed in the discharge of their official duty to the opinions of the Supreme Court, whose decisions are "the last word" as to the law in this state, and defendants on trial are entitled to have their trials according to these decisions, freed from any disparaging remarks by the trial judge regarding them, in the presence or hearing of the jury. Having announced that, "notwithstanding, I don't believe it is right," he would be bound by it, the trial judge permitted the witness, Dr. Stephens, to testify over the timely objection of the defendant, in the very teeth of the decision in Herbert's Case, supra. True, this testimony was afterwards excluded, but the harm had been done. Trial judges are the only direct contact the judicial system has with the people; it is through them the appellate courts must speak; their influence in trials by jury can hardly be overestimated, and it is through them the guarantee of "life, liberty and the pursuit of happiness" must be preserved. Any remark by a trial judge in disparagement of the decisions of the superior courts relating to causes then on trial is not only error, to work a reversal in favor of the party against whom made, but highly improper. It is so decided in Furhman v. City of Huntsville, 54 Ala. 263; W. U. Tel. Co. v. Northcutt, 158 Ala. 539, 48 South. 553, 132 Am. St. Rep. 38; Birmingham R., etc., Co. v. Smith, 14 Ala. App. 264, 69 South. 910; Barker v. State, 2 Ala. App. 92, 57 South. 88; Rogers v. Smith, 184 Ala. 506, 63 South. 530; Beason v. State, 43 Tex. Cr. R. 442, 67 S. W. 96, 69 L. R. A. 193. In the last-cited case it was held that a remark of the trial court indicating that he gave a certain charge reluctantly was reversible error. This court has many times reversed the judgment of

lower courts on account of improper remarks of the solicitor, made in the heat of argument, where much allowance must be made. How much more prejudicial is an improper remark of the judge, dignified and learned in the law, and presiding in the case then on trial. In this connection, and as an authority sustaining the conclusion here reached, we call especial attention to the opinion of the Supreme Court in Moulton v. State, 199 Ala. 411, 416, 74 South. 454, which expresses our views in a most satisfactory manner.

[4, 5] There were many other objections and exceptions to the admission of testimony not necessary to discuss in detail. Where this testimony should have been excluded as being in conflict with the decision in the Herbert Case, supra, appropriate grounds were not stated; the objection in each instance being general. Testimony of admissions and acts of the defendant, subsequent, to the time of the alleged crime, which relate to, or are germane to, the acts leading up to and including the consummation of the crime by sexual intercourse, are admissible. Acts and declarations of defendant, subsequent to the date fixed by the prosecution as the date of the crime, and relating to other and subsequent acts of intimacy, which, if true, would not tend to corroborate the testimony of the prosecutrix as to what transpired leading up to and including the first act of intercourse, are not relevant, and should be excluded. Davis v. State, 18 Ala. App. 482, 93 South. 269.

[6, 7] The indictment in this case, following the statute against seduction, charges that the defendant, "By means of temptation, deception, arts, flattery, or a promise of marriage, seduced," etc. On the hearing no effort was made by the state to prove any of the inducements to intercourse, save and alone that there had been a promise of marriage. No one heard this promise save the woman and the defendant, and without proof beyond a reasonable doubt that this promise was made there can be no conviction. No conviction can be had on the uncorroborated testimony of the woman, and this corroboration must be of a material fact, relevant to the issue of guilt, vel non, of the defendant in such sort as to warrant the jury in believing her entire statement. A direct corroboration of the promise would hardly be possible, unless in writing. Such promises are usually made in secret, under the inspiration of a tender affection or an overpowering passion. When intended to be kept they become manifest to others by the acts of the parties or by announcement openly; the man by admissions to his friends and other things indicating a coming change in his condition; the woman by making her garments and fixings for housekeeping, according to her condition in life. Any act of

either party known to the other which would indicate that a promise had been made and accepted, or that an understanding had been reached, is relevant in corroboration of the woman. Courtship leads to an engagement to marry, and an engaged couple occupy a recognized status, little short of the actual marriage state. Therefore, continuing association to the exclusion of others may be admitted as tending to corroborate the testimony of the woman as to her statement. These indices of intention have become too firmly established as a part of our social fabric to be ignored by the courts in passing upon causes affecting the relations of the sexes. This rule was adhered to in the case of Whatley v. State (Ala. App.) 97 South. 121,[1] and on certiorari to the Supreme Court (Ex parte Attorney General, etc., 208 Ala. 68, 93 South. 599) the same rule was stated in a different way; the Supreme Court differing from this court only as to the construction to be placed upon certain letters as being acts corroboratory of the prosecutrix.

The defendant, under the facts, is not entitled to the affirmative charge, but the court erred to his prejudice as herein indicated, and erred in refusing to grant a new trial.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.