(101 So. 772)

## JOHNS v. STATE. (8 Div. 153.)

(Court of Appeals of Alabama. Aug. 19, 1924.
Rehearing Denied Oct. 7, 1924.)

1. **Seduction** ⚖️➡️43—**Testimony held properly received as corroborating prosecutrix on question of accused's promise of marriage.**

Testimony of brother of prosecutrix as to accused's voluntary admission to him that accused and witness' sister were going to get married *held* properly received as corroborating prosecutrix on question of accused's promise of marriage.

2. **Seduction** ⚖️➡️49—**Whether prosecutrix was unchaste at time of alleged seduction held for jury.**

Whether prosecutrix was unchaste at time of alleged seduction, as testified to in effect by several witnesses, *held* for jury.

3. **Criminal law** ⚖️➡️351(10)—**Seduction** ⚖️➡️40 —**Evidence of accused's effort to procure abortion held material.**

Evidence of accused's effort to procure abortion *held* material, on question of consciousness of guilt, and on theory of suppression of testimony by accused.

4. **Seduction** ⚖️➡️46—**Testimony of prosecutrix held sufficiently corroborated to sustain verdict.**

Testimony of prosecutrix *held* sufficiently corroborated by the testimony of her brother and of her mother to sustain verdict.

Appeal from Circuit Court, Jackson County; W. W. Haralson, Judge.

Clyde Johns was convicted of seduction, and he appeals. Affirmed.

Certiorari denied by Supreme Court in Ex parte Johns, 212 Ala. 125, 101 So. 774.

This charge was refused to defendant:

"The court charges the jury that if they believe the evidence they will find the defendant not guilty, for that there is no evidence of the seduction other than a promise of marriage and that said promise of marriage inducing the seduction has not been corroborated; that is, no evidence corroborating the prosecutrix that the seduction was by a promise of marriage."

Milo Moody, of Scottsboro, for appellant.

There should not be a conviction where the prosecutrix is not corroborated. Cooper , v. State, 90 Ala. 641. Counsel argues other questions, but without citing additional authorities.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

There was no error in rulings on evidence. Montgomery v. State, 17 Ala. App. 469, 86 So. 132; Stevenson v. State, 18 Ala. App. 174, 90 So. 140.

BRICKEN, P. J. Under the law of this state, any man, who by means of temptation, arts, flattery, or a promise of marriage, seduces any unmarried woman in this state, must on conviction be imprisoned in the penitentiary for not less than one nor more than ten years; but no indictment or conviction shall be had for this offense on the uncorroborated testimony of the woman upon whom the seduction is charged; and no conviction shall be had if on the trial it is proved that such woman was unchaste at the time of the alleged offense.

[1-4] In this case this defendant was convicted for seduction under the above statute. On the trial the state introduced Myrtle Bell, the prosecutrix. The testimony of this witness tended to show that she was an unmarried woman, and that within the period of time covered by the indictment in Jackson county, Ala., this defendant promised to marry her and that they were to be married in June, 1922; that on the night of the second Sunday in December, 1921, she and the defendant, for the first time, had sexual intercourse together; that on that night he promised to marry her and said he would protect her, after which the sexual intercourse between them occurred. So far as the above stated portion of this witness' testimony there is no dispute or conflict shown by this record. It does not appear that defendant took the stand as a witness in his own behalf.

The state in order to corroborate the testimony of the prosecutrix introduced first Mrs. Cora Bell. Her testimony tended to show that she was the mother of Myrtle Bell, that her daughter had given birth to a child, and that some nine months before the child was born this defendant, and no one else, was "keeping company" with her daughter; that her daughter was 20 years old in February before the trial.

In order to further corroborate the testimony of the prosecutrix, the state next introduced Jerome Bell. He testified as follows:

"I am a brother of Myrtle Bell and I know Clyde Johns. I had a conversation with Clyde about the engagement with my sister. I do not remember to have offered any inducement, promises, or threats to have him tell me about it. I know I did not make them. Clyde and myself were riding down the road one day, and I was going to my father's, and he got to talking and said there was not anything at Section for a young man, a single man; said there was some kind of trouble all the time, and said he and my sister were thinking about marrying; said they were going to settle down and try to be somebody."

The court overruled the objection to this testimony and the motion to exclude same, and committed no error in so doing, for the reason this testimony had the tendency to corroborate that of the prosecutrix on the material inquiry of a promise to marry, and

the voluntary admission of the defendant to this effect was admissible for this purpose. As stated, the testimony of the prosecutrix was before the jury without denial. Her testimony made out a complete case of seduction against defendant, dependent only upon a sufficient corroboration thereof as to material facts. The corroboratory evidence relied upon, and which has in substance been quoted above, tends to show an opportunity to commit the offense by the testimony of Mrs. Cora Bell that defendant and no one else was keeping company with prosecutrix some nine months before her baby was born. And the testimony of Jerome Bell tended to corroborate the prosecutrix on the material question of a promise of marriage by defendant to the prosecutrix, and upon this sole ground the state relied for a conviction. In our opinion this corroborating testimony, if believed by the jury under the required rules of evidence, was sufficient to authorize and warrant them in returning the verdict.

As a defense to this prosecution, the defendant insisted that at the time of the commission of the alleged offense the prosecutrix was an unchaste woman. And in support of this insistence he introduced several witnesses whose evidence tended to show that they had had sexual intercourse with the prosecutrix prior to the time it was alleged that this defendant had committed the offense complained of. This evidence, of course, was for the jury to consider on the question as to whether the prosecutrix was chaste or unchaste at the time of the alleged commission of the offense. The jury decided this question, under the instructions of the court to which no exception was reserved, adversely to defendant, and this we think they clearly had the right to do under the evidence in this case. Prosecutrix testified that she had never had sexual intercourse with any man other than the defendant, and numerous witnesses were offered and testified as to her good character. On the question of the good character of the prosecutrix, the evidence was also without dispute, as the defendant offered no evidence to refute it, except, as stated, the testimony of the witnesses who had testified as to having had sexual intercourse with her.

The principal insistences of error upon this appeal are, first, that no sufficient corroboration of the testimony of the alleged injured woman was shown. In this we think the appellant's insistence is without merit. The undisputed fact that he was the only man "keeping company" with the prosecutrix during or about the time of the alleged commission of the offense was a circumstance to be considered by the jury in corroboration of the undisputed testimony of the prosecutrix; this, coupled with the also undisputed testimony of Jerome Bell, who gave evidence of the voluntary statement to him by defend-

ant above quoted, is in our opinion ample corroboration of the woman's testimony, and, if such corroboratory testimony was believed by the jury, in our opinion the required rule of law as to corroboration of the testimony of the prosecutrix has been met. Moreover, there was evidence showing, or tending to show, an attempt or effort by this defendant to procure an abortion upon the prosecutrix. This testimony also appears without conflict so far as the record shows. It was material in this case and could be considered by the jury on the question of the consciousness of guilt upon the part of defendant, and also on the theory of the suppression of the testimony by the accused. As stated, it cannot be questioned that the woman's (prosecutrix's) testimony made out a case against the defendant so far as the established rule will allow, and, as stated, the further requirement of the rule appears to have been sufficiently met to make it a question of fact for the jury and not one of law for the court as insisted. The court properly refused the unnumbered charge requested by defendant.

Under this phase or status of the evidence, there appears no merit in the numerous exceptions reserved to the court's rulings upon the testimony. Each of these exceptions have been examined, and no error appears in any of them to injuriously affect the substantial rights of the defendant.

The record proper is free from error; the judgment of conviction appealed from will therefore be affirmed.

Affirmed.