## J. W. SIVLEY & SON v. MOORE.
### (8 Div. 140.)

(Court of Appeals of Alabama. Oct. 7, 1924.)

**1. Landlord and tenant ⬦330(1) — Cropper entitled to sue third person for cotton turned over to her on division with landowner.**

Right, title, and interest in and to cotton, with right to its immediate possession being vested in cropper by division with landowner, and the turning over thereof to her, she can maintain detinue therefor against third person.

**2. Detinue ⬦18—Conveyance to defendant by one having no title or lien immaterial and irrelevant.**

Conveyance to defendant in detinue by one having no title or lien of the cotton sued for is properly excluded as immaterial and irrelevant.

**3. Landlord and tenant ⬦328(1)—Landlord without interest in cropper's share after division in absence of indebtedness.**

Where cropper was not indebted to landlord, landlord, after division of the crop, had no lien on or interest in cropper's share, and could convey none to creditor of cropper.

Appeal from Morgan County Court; W. T. Lowe, Judge.

Action in detinue by Mrs. M. F. Moore against Elbert Drinkard, J. W. Sivley & Son substituted defendants. From a judgment for plaintiff, defendants appeal. Affirmed.

J. N. Powell, of Hartsells, for appellants.

Defendants should have been permitted to show purchase of the cotton from the landlord. Richardson v. Stephenson, 114 Ala. 238, 21 So. 949; Windham v. Hydrick, 197 Ala. 125, 72 So. 403; Knight v. Garden, 196 Ala. 516, 71 So. 715; Dickey v. Vaughn, 198 Ala. 283, 73 So. 507; Con. Mer. Co. v. Warren, 15 Ala. App. 623, 74 So. 738; Houston Nat. Bank v. Edmonson, 200 Ala. 120, 75 So. 568.

Sample & Kilpatrick, of Hartsells, for appellee.

There was no error in excluding evidence as to purchase by defendants from the landlord, no title in him being shown.

SAMFORD, J. The plaintiff instituted her suit against Elbert Drinkard to recover one bale of cotton raised by her during the year 1921 on lands belonging to James Hardwick under a contract for a division of the crops made during the year 1921 on lands cultivated by plaintiff on halves; i. e., Hardwick furnished the lands and teams and plaintiff furnished the labor. Drinkard disclaimed any interest in the cotton sued for, and named J. W. Sivley & Son as the party really in interest. Thereupon Sivley & Son, voluntarily appearing, were substituted as parties defendant under section 6051 of the Code of 1907.

The evidence, without conflict, disclosed that the plaintiff farmed on the lands of James Hardwick during the years 1920 and 1921 under a contract whereby she should receive one-half the crops raised as compensation for her labor; that this bale of cotton sued for was a part of the crop raised by her during the year 1921 and had been by agreement between her and Hardwick turned over to her as a part of her one-half; that she delivered and left this bale with Drinkard to keep for her; that she owed nothing to Hardwick for advances, and owed nothing to J. W. Sivley & Son for supplies during the year 1921, but that she did

---

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

owe them something for supplies furnished during 1920. Sivley testified that what supplies were furnished plaintiff in 1921 were not furnished through Hardwick, and that Hardwick was not responsible for them; that he had furnished none in 1921.

[1-3] By a division of the cotton the right, title, and interest in and to the cotton was vested in the plaintiff, with the right to its immediate possession, and, these facts being proven, entitled her to maintain this suit. The defendants had no mortgage or other lien on the crops of the plaintiff for the year 1921, and for that matter, so far as this record discloses, none for the year 1920. The plaintiff not being indebted in any amount to Hardwick, the landowner, Hardwick had no interest or lien to convey to defendants, and hence whatever writings Hardwick may have given to defendants undertaking to convey plaintiff's cotton to defendants were immaterial and irrelevant and properly excluded.

The question of a primary obligation on the part of Hardwick to J. W. Sivley & Son is not involved in this suit, and, there being no obligation on the part of the plaintiff giving a lien or title to Hardwick, he had no interest to convey.

Under any aspect of this case, as shown by the facts, the plaintiff was entitled to the general charge.

There being no prejudicial error in the record, the judgment is affirmed.