21 So.2d 565

## PACE v. STATE.

### 8 Div. 451.

Court of Appeals of Alabama.
Feb. 27, 1945.

Rehearing Denied March 27, 1945.

Wm. N. McQueen, Acting Atty. Gen., and John O. Harris, Asst. Atty. Gen., for the State.

Proctor & Snodgrass, of Scottsboro, for appellant.

CARR, Judge.

Appellant, a married man, was indicted and convicted for seduction. Title 14, Sec. 419, Code 1940.

At the time of the claimed offense the alleged injured woman was seventeen years of age and had lived a neighbor to defendant for six or seven years. According to the testimony of the prosecutrix, appellant on several occasions acknowledged his love for her and promised that he would secure a divorce, after which they would marry; and, being induced by this avowal, about August 1, 1942, she had sexual intercourse with the defendant. In December following she became aware of her pregnancy.

Appellant admitted that he had sex relations with the prosecuting witness at the time in question, but disaffirmed that he suggested or promised marriage. There was no testimony that the young lady was unchaste prior to the time of the alleged seduction.

Against the imposition of timely objection and exception by appellant's counsel, the trial court permitted the State to

prove, by the father and brother of the prosecutrix, that in February, 1943, the defendant made the following statement to the father in the presence of the brother: "Well, I asked him, I says, 'According to all reports that I have heard about this you are the cause of all this trouble in my family,' and he says, 'Who told you,' and I says, 'My girl told me,' and he says, 'If she told you I do not dispute anything she will say about it.' * * I says, 'Why did you do a thing like this,' and he says, 'Me and her was aiming to marry.' I says, 'How was you and her aiming to marry and you with a wife and three children,' and he says, 'Me and her was aiming to get a divorce, and I was aiming to marry your girl and she was aiming to stay home and look after the children and me and Lovella,' his wife, 'me and her was aiming to go get a job and let Ruby Mae tend to her children.'"

The point is urged that this statement is not shown to be voluntary. The record discloses the contrary. The usual preliminary questions pertaining thereto were asked and all answered in the negative. The trial court was, therefore, not in error in allowing the introduction of the claimed statement. Burns v. State, 226 Ala. 117, 145 So. 436; Fincher v. State, 211 Ala. 388, 100 So. 657.

■ The prosecutrix testified that she apprised defendant of her pregnancy in December, 1942. Soon after this disclosure, appellant accompanied her to Chattanooga to assist in the arrangement for an abortion. The court did not permit the State to prove the circumstances incident to the abortion or that one was in fact performed, but did allow the testimony relating to the agreement and plans for the journey, and also the evidence that appellant went with the young lady to Chattanooga and there aided her in making the contacts necessary for the operation. Defendant denied that he went to Chattanooga or participated in any scheme to destroy the unborn child.

In support of the urgency that the lower court erred in the instant inquiry, appellant's counsel cites in brief the case of Maloy v. State, 24 Ala.App. 123, 130 So. 902. The Maloy case redeclares the applicable rule, but concludes that in point of time for conception the evidence showed affirmatively that there was no connection between the seduction and the pregnancy. The case at bar is readily distinguishable. If, as the State contended, the act of sexual intercourse, which formed the basis for the charge, was committed in August, appellant's insisted participation in the attempted abortion in December was admissible in evidence as a consciousness of his guilt of the accusation under the indictment. This question was expressly determined against appellant's contention in Johns v. State, 20 Ala.App. 299, 101 So. 772, certiorari denied 212 Ala. 125, 101 So. 774. See, also, Maloy v. State, supra.

We cannot accord merit to appellant's position that there is no corroboration of the testimony of the prosecuting witness, as required by the statute appertaining. Title 14, Sec. 419, Code 1940.

■ The rule in this State does not exact corroboration of the prosecutrix as to every material element of the offense of seduction. It is sufficient if the corroborating evidence convinces the jury that the testimony given by the woman claimed to have been seduced is worthy of credit and belief. Smith v. State, 13 Ala.App. 399, 69 So. 402; Allen v. State, 162 Ala. 74, 50 So. 279, 19 Ann.Cas. 867; Tarver v. State, 17 Ala.App. 424, 85 So. 855; Whatley v State, 208 Ala. 68, 93 So. 599.

■ On cross-examination the solicitor asked appellant: "You plead guilty in the Federal Court to violating the statute against white slavery?" Over objection and exception, the defendant answered in the affirmative.

This inquiry was clearly proper as proof of a fact going to the credibility of the appellant as a witness in the cause. Title 7, Secs. 434 and 435, Code 1940; Moore v. State, 12 Ala.App. 243, 67 So. 789; Williams v. State, 16 Ala.App. 111, 75 So. 703.

■ The affirmative charge in appellant's behalf was properly refused. The evidence in the case, without doubt, presented a jury question. Whatley v. State, 144 Ala. 68, 39 So. 1014; Vowell v. State, 20 Ala.App. 322, 101 So. 780; Smith v. State, supra.

■ Refused charge numbered 1 is not hypothecated on a consideration of the evidence. Cox v. State, 22 Ala.App. 102, 112 So. 898.

■ Charge numbered 2, refused to appellant, is substantially the same as given charge numbered 4. Title 7, Sec. 273, Code 1940.

Refused charge numbered 3 is covered by given charge numbered 6 and also by the trial court's oral charge to the jury. Title 7, Sec. 273, Code 1940.

 Charges numbered 5, 6 and 7 are abstract as applicable to the evidence in the instant case. Their refusal is without error. Doughty v. State, 228 Ala. 568, 154 So. 778.

We have herein already treated all questions presented for review by the motion for a new trial.

The primary court accorded to appellant fair and careful consideration throughout the progress of the trial.

If we should concede full verity to the testimony of the prosecutrix, we certainly cannot extend to her condonement and approval of her course of action. While her age may mitigate in her favor to make her conduct less reprehensible, she was of sufficient maturity to have realized the many involvements incident to her relationship with appellant. This observation should not and will not deter us from our plain path of duty in reviewing the record in the case.

The judgment of the lower court is ordered affirmed.

Affirmed.

